## BURNEY v. BURNEY.

No. 6511—Opinion Filed Sept. 26, 1916.

(160 Pac. 85.)

### Indians—Lands—Allotments—Alimony.

Under the latter part of section 4, 35 Stat. 312, c. 199, Act May 27, 1908, as follows: "Provided, that allotted lands shall not be subjected or held liable, to any form of personal claim, or demand, against the allottees arising or existing prior to the removal of restrictions, other than contracts heretofore expressly permitted by law"—held, that a decree of the court in a suit for alimony which decrees a portion of the annual rents and profits of a restricted allotment and appoints a receiver to take charge of the land and collect and disburse such annual rents and profits until the further order of the court is a charge upon the land, and will be set aside by this court.

(Syllabus by Hayson, C.)

Error from District Court, Marshall County; Jesse M. Hatchett, Judge.

Action by Ben Burney against Myrtle A. Burney. Judgment for defendant awarding alimony on cross-petition, and plaintiff brings error. Affirmed, with directions.

George E. Rider and E. S. Hurt, for plaintiff in error.

Hatchett & Ferguson, for defendant in error.

Opinion by HAYSON, C. This was an action brought by Ben Burney against Myrtle A. Burney for a divorce on the ground of abandonment. The defendant, Myrtle A. Burney, filed an answer consisting of a general denial and a cross-petition for alimony. After hearing the evidence in the case the trial court denied the plaintiff a divorce and granted the defendant judgment for alimony decreeing her two-thirds of the annual rents and profits from certain lands and premises of the plaintiff, and appointing one Jas. King receiver to take charge of said lands and premises until the further order of the court and to "collect, impound, and receive the rents and profits arising therefrom, and that annually after the collection of said rents and profits said receiver disburse and distribute the same to the respective parties as follows: One-third to plaintiff, and two-thirds to defendant," The order further provided:

"It is further ordered, considered, and adjudged by the court that the plaintiff and all those claiming by, through, or under him since the institution of this suit be and they are hereby forever barred, precluded, and enjoined from interfering with or molesting said receiver in the possession of said lands and premises or in the collection of the rents, revenues, and profits arising therefrom."

The lands and premises mentioned in the decree compose the restricted allotment of Ben Burney, who is a full-blood Chickasaw Indian.

The plaintiff in error urges but one assignment of error. He claims that the trial court cannot so subject the rents and profits of a restricted allotment, and erred in so doing and in appointing a receiver to take charge of the land.

Plaintiff and defendant in error agree that there is but the one question before the court, and that is the construction of the following provision found in the act removing restrictions, passed in 1908 (35 Stat. at L. 312), which is found in section 4 of said act:

"Provided, that allotted lands shall not be subjected or held liable, to any form of personal claim, or demand, against the allottees arising or existing prior to the removal of restrictions, other than contracts heretofore expressly permitted by law."

Consul for both plaintiff and defendant in error cite no authorities that are squarely in point, and both admit in their briefs that neither the state nor federal court has passed upon this particular question. It occurs to us that it is necessary to determine two things: First, the intent of the Legislature; and, second, whether or not the court's order is a charge upon the land.

It was evidently the intention of Congress to protect the full-blood Chickasaw against any character of improvidence upon his part that could possibly result in a claim which could ripen into a charge upon his allotted land. This is, in effect, the holding of the court in Mullen v. Simmons, 234 U. S. 192, 34 Sup. Ct. 857, 58 L. Ed. 1274, cited by plaintiff in error in his brief, where a similar statute was before the court.

Is the order of the court a charge upon the restricted allotment? We believe that it is. By the order the court has done indirectly what cannot be done directly. It has taken charge of the allotment to the exclusion of the allottee. It has taken away the power of the full blood to exercise the control over the allotment that Congress intended he should have. By the order he is practically ousted from the land for an unlimited period; it might be a year or any term of years. This proceeding is unnecessary to accomplish the purpose of the court in making suitable provisions for the support of the wife. An order should have been made for a specific sum payable at intervals. The law affords ample means to see that such an order is obeyed.

The record shows without question the court was right in its judgment in decreeing alimony to the wife and it is regrettable that the court has not the power to make the order relative to the proceeds of the allotment that was made. But, we believe, the order is contrary to the plain provisions of this statute, and that part of the order granting two-thirds of the annual rents and profits of the restricted allotment and appointing a receiver to take charge of such allotment should be set aside.

The judgment will be affirmed, with these directions: The judgment decreeing the wife to be entitled to alimony is affirmed. The order, in so far as it decrees two-thirds of the annual rents and profits of the restricted allotment and appointing a receiver to take charge of the allotment and collect and disburse such rents and profits, is set aside. The trial court is directed to enter judgment for a specific sum for alimony, as in its judgment is reasonable under the evidence in the case payable at intervals, running from the date of the original decree.

By the Court: It is so ordered.