[S. F. No. 10602. In Bank.—May 29, 1925.]

## H. C. HAAS, Appellant, v. L. GREENWALD et al., Respondents.

[1] CONTRACTS — BROKERS' COMMISSIONS — SALE OF REAL ESTATE — PLEADING.—In an action to recover compensation for procuring a purchaser for real property and a loan thereon, which services were performed jointly by two real estate brokers and an attorney who was not a licensed real estate broker, where the complaint does not show that the attorney performed any legal services in the transaction, a demurrer to the complaint was properly sustained.

[2] ID.—SINGLE TRANSACTION—PROHIBITION OF STATUTE.—In such a case, the fact that the services performed by the attorney were in but a single, though twofold, transaction, and not in a course of business as a real estate broker, does not take the matter out of the prohibition of the "Real Estate Brokers' Act" (Stats. 1919, p. 1252).

[3] ID. — REAL ESTATE BROKERS' ACT — CONSTITUTIONALITY OF.—The fact that the Real Estate Brokers' Act prohibits one individual from employing another to purchase, sell, or negotiate the sale of

---

1. Failure of real estate broker to procure statutory license as affecting his right to recover commissions, notes, 5 Ann. Cas. 897; Ann. Cas. 1912D, 378. See, also, 4 R. C. L. 302.

3. Constitutionality of statute or ordinance requiring real estate brokers to procure a license, note, 8 A. L. R. 424.

property or to secure a loan thereon or to handle any single transaction in regard to such property, without obtaining a license therefor, does not render the act unconstitutional, as there is no reason why the participants in a single negotiation of the sort defined in the act should not be subjected to the same supervision as those engaging in a series of similar transactions.

[4] ID. — JOINT CONTRACT — ILLEGAL CONSIDERATION — INVALIDITY OF WHOLE CONTRACT.—Where a contract employing two real estate brokers and an attorney, who was not a licensed real estate broker, to purchase certain real property and to procure a loan thereon, was a joint contract, the fact that the contract was void as to the attorney invalidated it as a whole, as the services of all were the consideration for the contract.

---

(1) 9 C. J., p. 565, n. 52, p. 635, n. 41; 31 Cyc., p. 79, n. 97, p. 81, n. 7.   (2) 9 C. J., p. 566, n. 54.   (3) 15 C. J., p. 969, n. 17; 37 C. J., p. 196, n. 4.   (4) 9 C. J., p. 566, n. 57 New; 13 C. J., p. 513, n. 40.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. E. P. Shortall, Judge. Affirmed.

The facts are stated in the opinion of the court.

Sullivan & Sullivan and Theo. J. Roche for Appellant.

William F. Humphrey, Lent & Humphrey and Robert Mack Light for Respondents.

RICHARDS, J.—This appeal is by the plaintiff from a judgment entered upon an order sustaining the defendants' demurrer to the plaintiff's amended complaint without leave to amend. The action was one commenced by the plaintiff on his own behalf and also as the assignee of one A. M. Johnson, who prior thereto had assigned and transferred to said plaintiff all of his right, title, and interest in the claim and demand which formed the basis of said action. The amended complaint, after alleging the corporate character of The Santa Marina Company and its ownership of the tract of land with reference to which the transaction occurred out of which the claim and demand sued upon arose, and after also alleging the corporate character of the

Hibernia Savings and Loan Society, connected with said transaction, proceeds to allege that:

"On and prior to the 14th day of November, 1921, the above-named defendant L. Greenwald, was desirous of purchasing said real property hereinabove particularly described, together with the improvements thereon, from said The Santa Marina Company, a corporation, for the sum of $650,000.00 net to said The Santa Marina Company, and in order to permit said purchase to be made by him to negotiate a loan from said Hibernia Savings and Loan Society, a corporation, for $450,000.00, the repayment of which loan should be secured by a first mortgage upon said real property hereinabove described when so purchased by said defendant L. Greenwald, $50,000.00 of which was to be repaid by said L. Greenwald to said Hibernia Savings and Loan Society in sixty installments of $833.33 per month, and the remaining $400,000.00 to be repaid on or before five years from the date of such loan, said $450,000.00 to bear interest at the rate of six per cent per annum until paid. On or about the 14th day of November, 1921, the above named defendant L. Greenwald employed the above named plaintiff H. C. Hass, A. M. Johnson and the defendant Walter W. Stevens, to negotiate on his behalf with said The Santa Marina Company, a corporation, for and to effect a sale by said The Santa Marina Company, a corporation, to said defendant L. Greenwald, of said real property hereinabove described, together with the improvements thereon for said sum of $650,000.00 net to said The Santa Marina Company, a corporation, and to negotiate and procure from said Hibernia Savings and Loan Society, a corporation, said loan of $450,000.00 bearing the interest hereinabove set forth and payable in the manner hereinabove specified, the repayment of which was to be secured by a first mortgage upon said real property hereinabove described, and in consideration of the services to be thereafter rendered by said plaintiff and A. M. Johnson and said defendant Walter W. Stevens in negotiating and effecting said sale of said real property to said defendant L. Greenwald, for said sum aforesaid, and negotiating and procuring said loan aforesaid, agreed that if said plaintiff and said A. M. Johnson and said defendant Walter W. Stevens negotiated and effected said sale by said corporation Santa Marina Company to said

defendant of said real property, together with the improvements thereon, for said sum of $650,000.00 net to it and negotiated and procured from said Hibernia Savings and Loan Society, a corporation, said loan of $450,000.00 aforesaid, he would, when said services were completed, and in consideration thereof, pay to said plaintiff and said A. M. Johnson and said defendant Walter W. Stevens the sum of $20,000.00, or execute and deliver to them his promissory note or notes for said sum of $20,000.00. Thereafter and prior to November 21, 1921, said plaintiff and said A. M. Johnson and said defendant Walter W. Stevens, negotiated with said The Santa Marina Company, a corporation, for the sale of said real property to said L. Greenwald, and as a result of said negotiations prior to and on said November 21st, 1921, said The Santa Marina Company, a corporation, was willing and agreed to sell said real property, together with said improvements, to said defendant L. Greenwald for said sum of $650,000.00 net to it. On said 21st day of November, 1921, said The Santa Marina Company, a corporation, was able, ready and willing to sell to said defendant L. Greenwald said real property, together with said improvements, for said sum of $650,000.00 net to it. Prior to said 21st day of November, 1921, said plaintiff and said A. M. Johnson and said defendant Walter W. Stevens negotiated with said Hibernia Savings and Loan Society, a corporation, for said loan of said $450,000.00 upon said terms aforesaid, and prior to said November 21, 1921, had arranged with said Hibernia Savings and Loan Society for and had procured from it for said defendant L. Greenwald said loan of $450,000.00, the repayment of which loan was to be secured by a first mortgage upon said real property hereinabove described, together with the improvements thereon, when so purchased by said defendant L. Greenwald, $50,000.00 of which was to be repaid by said defendant L. Greenwald to said Hibernia Savings and Loan Society in sixty installments of $833.33 per month, and the remaining $400,000.00 to be repaid on or before five years from the date of such loan, said $450,000.00 to bear interest at the rate of six per cent per annum until paid. Said loan so negotiated and procured by said plaintiff and said A. M. Johnson and said defendant Walter W. Stevens and the terms thereof were acceptable to and accepted by said

defendant L. Greenwald. Thereafter and on said 21st day of November, 1921, said defendant L. Greenwald repudiated said agreement so entered into by him with said plaintiff and said A. M. Johnson and said defendant Walter W. Stevens as aforesaid, and refused to proceed further with the purchase of said real property or to accept said loan, and without any cause or justification therefor notified said plaintiff and said A. M. Johnson and said defendant Walter W. Stevens that he would refuse to further proceed with the purchase of or purchase said real property or any part thereof, and would refuse to accept or consummate said loan aforesaid, and repudiate his said agreement with said plaintiff and said A. M. Johnson and said Walter W. Stevens. Ever since said 21st day of November, 1921, said defendant L. Greenwald has refused to purchase said real property and said improvements or any part thereof and has refused to accept or consummate said loan aforesaid. Said defendant L. Greenwald has refused and still refuses to pay to said plaintiff and said A. M. Johnson and said defendant Walter W. Stevens, or any of them, said sum of $20,000.00, or to make, execute or deliver to them, or any of them, his said note or notes for the sum of $20,000.00 or any other sum. The said defendant Walter W. Stevens is made a defendant in this action for the reason that he refuses to join in said action with said plaintiff. On the 8th day of December, 1921, said A. M. Johnson assigned, transferred and set over to the above named plaintiff, H. C. Haas, all of his right, title and interest in said claim against said defendant L. Greenwald, arising out of the rendition of said services and the making of said agreement by said defendant L. Greenwald as aforesaid, and all moneys due thereon, At all of the times herein mentioned the above named plaintiff, H. C. Haas, and the above named defendant Walter W. Stevens were and are real estate brokers, and each of them was and is a real estate broker engaged in the business of buying and selling real property in the City and County of San Francisco and elsewhere in the State of California, and at all of the times herein mentioned were and are, and each of them was and is duly and regularly licensed to engage in said business under the laws

of the State of California. At all of the times herein mentioned said A. M. Johnson was, he ever since has been, and still is an attorney at law, duly licensed to practice, and practicing his profession as such in the State of California, all of which facts at all of said times were and still are known to defendants. Said A. M. Johnson is not now, and never has been, engaged in business as a real estate broker, and never has been and is not now a real estate broker or engaged in the business of buying, selling, exchanging or handling real property, all of which facts at all of said times were and still are known to defendants.''

We have set forth the averments of said amended complaint thus literally in order that exact application may be made of the provisions of the statute under the inhibitions of which it was successfully contended in the trial court that said complaint failed to state a cause of action. The gravamen of this contention centers upon A. M. Johnson, who as the amended complaint alleges was one of the three persons who jointly engaged in the negotiations upon which the claim sued upon is predicated and who, it is contended, comes within the inhibitions of said statute with regard to his participation in such negotiations. The statute in question is known as the ''Real Estate Brokers' Act'' (Stats. 1919, p. 1252). By section 1 of said act it is provided:

''Section 1: It shall be unlawful for any person, copartnership or corporation to engage in the business, or act in the capacity of a real estate broker, or a real estate salesman within this state without first obtaining a license therefor.''

Section 2 of said act reads as follows:

''A real estate broker within the meaning of this act is a person, copartnership or corporation who, for a compensation, sells, or offers for sale, buys, or offers to buy, or negotiates the purchase or sale or exchange of real estate, or who for compensation, negotiates loans on real estate, leases, or offers to lease, rents, or places for rent, or collects rent from real estate, or improvements thereon, for others as a whole or partial vocation. A real estate salesman within the meaning of this act is one who for a compensation is employed by a licensed broker to sell, or offer for sale, or to buy, or to offer to buy, or to nego-

tiate the purchase or sale or exchange of real estate, or to negotiate a loan on real estate, or to lease, or offer to lease, rent, or place for rent, any real estate, or improvements thereon, as a whole or partial vocation. The provisions of this act shall not apply to any person, copartnership or corporation who shall perform any of the acts aforesaid with reference to property owned by such person, copartnership or corporation; nor shall the provisions of this act apply to persons holding a duly executed power of attorney from the owner, nor shall this act be construed to include in any way the services rendered by an attorney at law in performing his duties as such attorney at law; nor shall it be held to include any receiver, trustee in bankruptcy or any person acting under order of any court, nor to a trustee selling under a deed of trust. One act, for a compensation, of buying or selling real estate of or for another, or offering for another to buy or sell or exchange real estate, or negotiating a loan on or leasing or renting or placing for rent real estate, or collecting rent therefrom shall constitute the person, copartnership or corporation making such offer, sale or purchase, exchange or lease, or negotiating said loan, or so renting or placing for rent or collecting said rent a real estate broker within the meaning of this act.''

By section 20 of said act it is provided:

''No person, copartnership or corporation engaged in the business of acting in the capacity of a real estate broker or a real estate salesman within this state, shall bring or maintain any action in the courts of this state for the collection of compensation for the performance of any of the acts mentioned in section two thereof without alleging and proving that such person, copartnership or corporation was a duly licensed real estate broker or real estate salesman at the time the alleged cause of action arose.''

[1] Under the provisions of the section last above quoted it would seem to be clear that if A. M. Johnson, as one of the three persons who are alleged in said amended complaint to have been combined in conducting the negotiations for and on behalf of the defendant Greenwald, out of which both the plaintiff's original and assigned claim and demand arose, comes as to the acts done by him within the definitions and inhibitions embraced in the earlier sections

of the act above quoted, this action, in so far at least as it involved his assigned claim, must fail. The said A. M. Johnson is alleged in said amended complaint to be, and during all of the time covered by said negotiations to have been, an attorney at law. By the terms of section 2 of said act the provisions thereof are not to "be construed to include in any way the services rendered by an attorney at law in performing his duties as such attorney at law." If the amended complaint herein had alleged that any services rendered by said A. M. Johnson to the defendant in the course of the negotiations which are fully detailed in said complaint in his capacity as an attorney at law or in the performance of his duties as such attorney at law, or had even alleged that said A. M. Johnson during the course of said negotiations represented either said Greenwald or any other person who was a party to such negotiations as or in the capacity of an attorney at law, a different question would be presented. But the amended complaint herein is barren of any such allegation, and giving to such pleading the most liberal construction permitted by section 452 of the Code of Civil Procedure no intendment can be indulged in that the pleader has not stated his case as strongly as it was possible so to do. (*Nason* v. *Lingle*, 143 Cal. 363–366 [77 Pac. 71]; *California Nav. Co.* v. *Union etc. Co.*, 122 Cal. 641 [55 Pac. 591]; *Glide* v. *Dwyer*, 83 Cal. 477 [23 Pac. 706]; *Hays* v. *Steiger*, 76 Cal. 555 [18 Pac. 670].)

The particular negotiations which the plaintiff and his two associates, A. M. Johnson and Walter W. Stevens, are alleged to have conducted were twofold in character. First, a negotiation on behalf of the defendant Greenwald for the purchase by the latter of certain real estate from The Santa Marina Company; second, a negotiation on behalf of said Greenwald for a loan to him by the Hibernia Savings and Loan Society of a sum of money as and for a large portion of the purchase price of said property and to be secured by a mortgage thereon. These twofold negotiations come expressly within the terms of the opening clauses of section 2 of said act defining the doing of what acts shall constitute a person, firm, or corporation "a real estate broker." It could not be, and in fact is not, questioned, but, on the other hand, expressly affirmed, that the plaintiff, Haas, was, as to his part in said negotiations, acting as a real estate

broker and by virtue of his license issued under the terms of said act so to do. The same is true as to his associate, W. W. Stevens, who held and was acting under and by virtue of a similar license. If the part which these two associates took in the conduct of such negotiations was thus taken in the capacity of real estate brokers, and not otherwise, it is difficult to perceive why the precisely identical part which A. M. Johnson, united with his said two associates in undertaking in relation to these negotiations, was not also undertaken in the capacity of a real estate broker and not otherwise, notwithstanding he was also an attorney at law, especially in view of the fact that the amended complaint is barren of any averment that his said part therein was undertaken or performed in his capacity as an attorney at law. It would seem to follow irresistibly that in the equal part which A. M. Johnson took with his associates in the conduct of these negotiations he was acting in the capacity of a real estate broker and not of an attorney at law.

[2] It is, however, contended by the appellant herein that conceding that A. M. Johnson did act in the part he took in said negotiations in the capacity of a real estate broker, his action in so doing was only in a single though twofold transaction and not in a course of business as a real estate broker and hence that the inhibitive provisions of said act do not apply to him. This argument, with the authorities which are cited in support of it, might have some cogency but for the express and unmistakable terms of the statute to the contrary. The language of the concluding clause of section 2 of the act is as follows: "One act, for a compensation, of buying or selling real estate of or for another, or offering for another to buy or sell or exchange real estate, or negotiating a loan on or leasing or renting or placing for rent real estate, or collecting rent therefrom shall constitute the person, copartnership or corporation making such offer, sale or purchase, exchange or lease, or negotiating said loan, or so renting or placing for rent or collecting said rent a real estate broker within the meaning of this act." The particularity with which this clause in said act is phrased leaves no room for any other interpretation than that which its plain terms import and which are not rendered uncertain by any other phrase or clause

which said section of said act or which act as a whole contains. The authorities cited in support of the appellant's position in this regard do not sustain it, for the reason, as is well illustrated by the case of *Miller* v. *Stevens,* 224 Mich. 626 [195 N. W. 481], mainly relied upon by appellant, that the statute under review in said decision omitted this very provision which our statute contains, rendering a single act of the character defined, for a compensation, sufficient to constitute the person performing it a real estate broker. [3] The appellant discusses this phase of the case chiefly under his next contention, which is that the act in so far as it seeks to prohibit one individual from employing another to purchase, sell, or negotiate the sale of property or to secure a loan thereon or to handle any single transaction in regard to such property is an unconstitutional exercise of power on the part of the legislature. In making this contention the appellant concedes that this court in the case of *Riley* v. *Chambers,* 181 Cal. 591 [8 A. L. R. 418, 185 Pac. 855], upheld the general features of the Real Estate Brokers Act in so far as said act undertakes to regulate the business or vocation of handling real estate transactions and to that extent determined the constitutionality of the act. An examination of that case, however, shows that this court went much further than the appellant's concession, since in its statement of the contents of said act this court took note of the language therein providing "that a single act of selling, etc., shall make a person a real estate broker." It must be concluded, therefore, that in its discussion of the purposes and policy of said act and in sustaining its constitutionality as a whole this court had in mind this particular feature thereof and approved it in approving the act as a whole. But, aside from this reasoning as to what has already been decided, we are of the opinion that the act in designating the several particular acts mentioned in the concluding clause of section 2 of said act as within its inhibitions, violated no constitutional right of the parties to the transactions involved herein or any of them in so far as the principle of freedom of contract is concerned. It is to be noted that in the preceding clauses of section 2 of said act the right of two or more persons to engage in doing any of the acts enumerated in said section as constituting one or more of said persons "a real estate broker" is per-

fectly preserved by the provision therein that: "The provisions of this act shall not apply to any person, copartnership or corporation who shall perform any of the acts aforesaid with reference to property owned by such person, copartnership or corporation; nor shall the provisions of this act apply to persons holding a duly executed power of attorney from the owner." It is only when persons, firms, or corporations are acting in a purely representative capacity in undertaking to conduct negotiations of the kind specified in said act and when such persons or entities have not come into that particular relationship to the owner of the property involved in such negotiations as finds expression in a power of attorney that the safeguards of the statute are sought to be thrown around the principals to the transaction in question through the requirement that the agent or agents undertaking to conduct or consummate the same shall have that approved character which the possession of the required license assures. No particular or convincing reason can be urged why the participants in a single negotiation of the sort defined in said act should not be subjected to the same supervision as those engaging in a series of similar transactions, since at the last analysis every transaction of the kind coming within the purview of the statute is an isolated transaction, whether conducted singly or as a series of transactions carried on in the course of a business or vocation, and since the lawmakers have seen fit to embrace the participants in each single transaction within the purview, requirements, and inhibitions of the act in question, we can see no adequate reason for holding that in so doing they have violated the constitutional right of freedom to contract any more than they would have done by confining the scope of the statute to those carrying on such transactions in the course of a business or vocation. The cases upon which the appellant relies are as applicable to the one as to the other situation and are sufficiently answered, we think, by the comprehensive treatment of the subject in the case of *Riley* v. *Chambers, supra.*

[4] The only remaining question involved in this case is that for the first time suggested upon this appeal, viz., that conceding the contract for the services in question to have been unenforceable on behalf of A. M. Johnson for the foregoing reasons it was valid as to the plaintiff and

his associate Stevens, since each of the two persons held a real estate broker's license. The difficulty with this contention is that the plaintiff herein has in the single count in his amended complaint set forth the contract for services upon which he seeks to recover both on his own behalf and on that of his assignor, A. M. Johnson, as one in the execution of which he and his said associates were jointly enlisted and in which the services of all made possible the recovery of each. This constituted the consideration for the agreement. If any part thereof was unlawful the entire contract was void (Civ. Code, sec. 1608). The portion of said agreement which related to the employment and service of A. M. Johnson was, as we have seen, unlawful because in violation of an express provision of law (Civ. Code, sec. 1667). In commenting upon these sections of the Civil Code this court, in the case of *Teachout* v. *Bogy,* 175 Cal. 481, 486 [166 Pac. 319, 321], aptly quoted from the Encyclopedia of Law and Procedure the following words: "If any part of a single consideration for one or more promises be illegal, or if there are several considerations for one promise some of which are legal and others illegal the promise is wholly void as it is impossible to say which part or which one of the considerations induced the promise." (9 Cyc. 566.) We conclude from the foregoing considerations that the agreement for the joint and equal services of Haas, Johnson, and Stevens in the capacity of real estate brokers being unenforceable as to Johnson under the terms of the Real Estate Brokers Act, the entire agreement was void, and hence that the trial court was not in error in sustaining the demurrer to the amended complaint and in its judgment in favor of the defendant Greenwald based upon said order.

The judgment is affirmed.

Waste, J., Shenk, J., Seawell, J., Lawlor, J., Myers, C. J., and Lennon, J., concurred.

Rehearing denied.

All the Justices present concurred.