[Sac. No. 5727. In Bank. Feb. 19, 1946.]

ALBERT GATTI et al., Respondents, v. HIGHLAND PARK BUILDERS, INC. (a Corporation), Appellant.

Smallpage & Macomber and Forrest Macomber for Appellant.

Gumpert & Mazzera and J. Calvert Snyder for Respondents.

SPENCE, J.—Defendant corporation appeals from a judgment in favor of plaintiffs for the reasonable value of services rendered in furnishing carpenter labor for the construction of certain houses. The sole point to be determined is whether the legislative enactments regulating the licensing of contractors (Bus. & Prof. Code. ch. 9, arts. 1-6, inc.) pre-

clude plaintiffs' recovery. The appeal is presented upon a settled statement of facts.

Prior to March 15, 1943, plaintiffs Albert Gatti and Chas. D. Moore had issued to them individual licenses as contractors under the provisions of the Business and Professions Code. On the mentioned date Gatti and defendant corporation executed a written contract whereby Gatti agreed to perform certain carpenter work for defendant. At that time Moore was foreman for Gatti. On June 1, 1943, plaintiffs discussed conducting the construction work herein involved on a partnership or joint venture basis and agreed, with the consent of defendant, that thereafter the work would be so conducted. On August 23, 1943, a builder's and contractor's license was issued in the names of Albert Gatti, Chas. D. Moore and Delbert Moore. The latter is not a party to this action and has no interest in the proceeds of the venture herein involved. No license was ever issued in the names of Albert Gatti and Chas. D. Moore, either as a partnership or as joint venturers. The work in question was performed by plaintiffs at defendant's special insistence and request under written contract and oral modifications thereof.

Plaintiffs had been paid for all work performed prior to June 1, 1943, and in this action they sought to recover for services rendered subsequent thereto. They alleged in their amended complaint that at all times mentioned therein they, and each of them, were duly licensed building contractors. As the prinicpal basis for denial of plaintiffs' claim, defendant in its answer relied on the defense that plaintiffs' failure to procure a separate partnership license in their two names would prevent their recovery. Upon conclusion of the hearing the trial court ruled adversely on defendant's position, found in favor of plaintiffs and entered judgment accordingly in the sum of $3,435.50.

The determination of this appeal involves consideration of the following provisions of the Business and Professions Code: Section 7031 provides that no person (defined in section 7025 to include "an individual, a firm, copartnership . . . or other organization") acting in the capacity of a contractor may maintain any action for the collection of compensation for such work without alleging and proving he was a duly licensed contractor at all times during the performance of the contract. Section 7028 declares that it shall be unlawful for any person to engage in such business without a license, while

section 7030 states that anyone acting in the capacity of a contractor without a license is guilty of a misdemeanor. Section 7029 provides that it shall be unlawful for two or more licensees holding separate licenses to act jointly in the capacity of a contractor without first having secured an additional or joint license. And finally, section 7068 provides that the [Contractors' State License] Board shall require of an applicant "such general knowledge of the building, safety, health and lien laws of the State and of the rudimentary administrative principles of the contracting business as the board deems necessary for the safety and protection of the public."

Defendant relies upon the general rule in this state that a contract made contrary to the terms of a law designed for the protection of the public and prescribing a penalty for the violation thereof is illegal and void, and no action may be brought to enforce such contract. (*Wise* v. *Radis,* 74 Cal.App. 765 [242 P. 90]; *Holm* v. *Bramwell,* 20 Cal.App.2d 332 [67 P.2d 114].) In each of the cited cases the contract constituting the basis of plaintiff's claim for recovery was executed at a time when the "broker" or "contractor" was unlicensed. Likewise in *Phillips* v. *McIntosh,* 51 Cal.App.2d 340 [124 P.2d 835], also cited by defendant, the evidence established plaintiff to be "a contractor" within the code definition (Bus. & Prof. Code, § 7026), and her failure "to prove that she had a contractor's license" precluded her from maintaining an action to recover "for work performed and materials furnished." But the present case is distinguishable under the stipulated facts in that at the time the contract between Gatti and defendant was made, both plaintiffs possessed contractor's licenses in their own names as individuals. While it is true that during the progress of the work plaintiffs, deeming it advisable and with defendant's approval, entered into a partnership arrangement for the completion of the contract, it does not appear that such association effected any change in the performance of the contract, which proceeded as from its inception under the direction of both plaintiffs. Subsequently, and some time before the institution of this action, a joint contractor's license was issued to plaintiffs and a third party not here concerned. Thereby any matters which might form the basis of legitimate inquiry by the licensing board as a condition precedent to the issuance of an *additional* partnership or joint venture license to plaintiffs, though involving a third party, were necessarily considered, and favorable action was taken thereon.

■ A reasonable interpretation of the above code sections, regulating the business of a builder and contractor and enacted "for the safety and protection of the public" by prohibiting inexperienced persons from engaging in such work, compels the conclusion that plaintiffs have substantially complied with the statutory requirements. Defendant approved of the partnership arrangement for the completion of the work, and makes no contention that the labor performed was in any way unsatisfactory or that the monetary demand was excessive. The inequity of defendant's position stands out markedly when we consider that defendant would have plaintiffs—who are licensed individually and are also licensed as copartners with a third person, and who have satisfactorily performed work of the reasonable value of $3,435.50—go out of court with nothing, on the ground that they did not have a separate partnership license issued to them in consequence of the modified arrangement made with defendant for completion of the work under the admittedly valid contract originally made with Gatti individually. If defendant is allowed to defeat plaintiffs' legitimate claim on this technical ground, resting on an unnecessarily strict construction of the statutory provision for the *additional* joint contractor's license and denying any effect to the combination license in fact issued to plaintiffs and a third person as above recited, the legislative scheme in relation to the licensing of contractors, intended "for the safety and protection of the public," would become an unwarranted shield for the avoidance of a just obligation. Similar considerations were before the court in the case of *Citizens State Bank* v. *Gentry,* 20 Cal.App.2d 415 [67 P.2d 364], where a contractor's license expired while the work was in progress but was renewed in the name of a corporation, organized by and bearing the contractor's name, and in which he was the dominant and controlling factor; and where the work was completed under the auspices of the corporation. In holding that these circumstances permitted the trial court's finding that the plaintiff contractor was licensed and justified the denial of defendant's motion for a nonsuit, predicated on a rigid application of the licensing requirement, the court said at page 420: "In our opinion, where a manifestly unjust and inequitable result would follow a holding that plaintiff contractor was without capacity to sue on his contract, the individual plaintiff in whose name the license stood at the time the contract was made and the corporate entity organized by him in whose name the license

stood at the time the cause of action accrued, should be considered as one." In like manner the circumstances here—showing plaintiffs to have been duly licensed as individual contractors when the contract was made; their completion of the original undertaking, with defendant's consent, as copartners; and their submission of their partnership qualifications to the licensing board in connection with their application for a joint license with a third party—justify the trial court's conclusion that plaintiffs as licensed contractors were entitled to maintain this action for the reasonable value of their work.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Carter, J., and Schauer, J., concurred.

EDMONDS, J.—I cannot join in a decision which is directly contrary to the plain and positive language of the statutes regulating the contracting business. Justification for a recovery by the plaintiffs is placed upon the ground that each of the individuals had a contractor's license in his own name, and it does not appear that the later association of these persons as partners "effected any change in the performance of the contract, which proceeded as from its inception under the direction of both plaintiffs." Yet this is exactly the conduct which is prohibited by the Business and Professions Code. That statute makes it unlawful "for any two or more licensees, each of whom has been issued a license to engage separately in the business or to act separately in the capacity of a contractor . . . to . . . act in the capacity of a contractor within this State without first having secured an additional license for acting in the capacity of such a joint venture or combination in accordance with the provisions of this chapter as provided for an individual, copartnership or corporation." (§ 7029.) Also, the code provides, no person may bring or maintain an action to recover compensation as a contractor "without alleging and proving that he was a duly licensed contractor at all times during the performance of such act or contract." (§ 7031.)

There can be no substantial compliance with such a statute. Wisely or unwisely, the Legislature has specified that two persons individually licensed may not, as partners, engage in the contracting business without having obtained a license in the name of the partnership. Unquestionably, that

requirement is within the scope of legislative action and, therefore, beyond the reach of judicial consideration. (*Lucas v. City of Los Angeles*, 10 Cal.2d 476, 485 [75 P.2d 599].) For almost three months of the time Gatti and Albert Moore were jointly acting as contractors for the building company, they had licenses only as individuals which was in direct contravention of the statute. A license was then obtained in the names of Gatti, Albert Moore and Delbert Moore, the latter of whom has no interest in the contract sued upon and is not a party to the action.

The conclusion reached in *Citizens State Bank* v. *Gentry*, 20 Cal.App.2d 415 [67 P.2d 364], the case solely relied upon to support the determination in favor of Gatti and Moore, is of no authority, for it was decided before the enactment of section 7028.5 of the Business and Professions Code which specifically prohibits the conduct which was said to satisfy the requirements of the law as it then existed. Factually in point with the present controversy is *Wise* v. *Radis*, 74 Cal.App. 765 [242 P. 90], in which two persons jointly negotiated the sale of real estate. Only one of them was a broker licensed in accordance with the requirements of the Real Estate Broker's Act. (Stats. 1919, p. 1252; as amended, Deering's Gen. Laws, 1931, Act 112. Now Bus. & Prof. Code, §§ 10000-10601.) In discussing the scope of the statute, the court declared that the failure of partners to secure a license in the name of the partnership in violation of the statutory mandate, rendered their contract "illegal from its inception; for in that case the partnership contract necessarily would involve the performance of illegal acts." (P. 776.) An earlier case concerned the contract by which the two licensed real estate brokers and an unlicensed attorney were employed to purchase certain real property and to procure a loan thereon. Because the services of all of them were the consideration for the contract, and it was void as to the attorney, the court denied any recovery. (*Haas* v. *Greenwald*, 196 Cal. 236 [237 P. 38, 59 A.L.R. 1493].)

Assuming that the license issued in the names of Gatti, Albert Moore and Delbert Moore was a sufficient authorization for the contracting business of two of them, this observance of the statute occurred almost three months after the partnership contract was undertaken and did not cure the unlawfulness of the consideration up to that time. As the services of Gatti and Albert Moore as partners were ille-

gally rendered, at least until the partnership license was obtained, a part of the consideration being unlawful, the entire contract was void. (Civ. Code, § 1608.) The issuance of a license after unlawful acts are performed does not validate a contract. (*Holm* v. *Bramwell*, 20 Cal.App.2d 332, 335 [67 P.2d 114]; *Wise* v. *Radis*, *supra*, p. 774.)

For these reasons, in my opinion, the judgment should be reversed.