[Civ. No. 17170.  First Dist., Div. Two.  May 21, 1957.]

J. WILLMA WEBER, Respondent, v. MILTON TONINI et al., Appellants.

*Assigned by Chairman of Judicial Council.

John J. Dailey for Appellants.

G. H. Van Harvey for Respondent.

DOOLING, J.—Defendants Tonini and Gunz and cross-complainant Tonini appeal from a judgment in favor of plaintiff quieting her title to certain real property.

In August of 1940 respondent went to appellant Tonini's office seeking advice on real estate investments. Tonini at that time held a real estate salesman's license but was not licensed as a real estate broker. Some time later Tonini informed respondent that the property here in dispute was available. Respondent gave Tonini her check for $250. The property was contracted to be sold by the owners to appellant Gunz, an associate of Tonini's, in her maiden name of Gallwey and a $250 deposit on the purchase price was given by Tonini's check.

On November 16, 1940, appellant Tonini and respondent, under her then name of Julia Seman, entered into an agreement with relation to this property, which (omitting the description of the property) read as follows:

"1. Milton Tonini is to have one-third of all net profit from sale or exchange of or from the rents, issues, or profits, from any or all of the following described real property.

[Description of property.]

"2. Julia Seman is to buy, maintain, care for and preserve said realty at her cost and expense and,

"3. Milton Tonini is to be her exclusive agent for the sale, leasing or exchanging thereof without other charge than the above interest and all transfers, sales, leases, rentals or exchanges of said realty or any part thereof to be approved by both the undersigned, but approval thereof shall not be unreasonably withheld by either party.

"4. The parties hereto shall not construct or repair, or alter any buildings or do any work on said premises, or place or permit any lien or encumbrance on the same without first getting the written consent of both parties hereto.

"5. Title to above described realty to be held in trust in the Title Insurance and Guaranty Company subject to terms hereof and holding agreement signed by parties hereto.

"This agreement binds the heirs and assigns of the parties hereto."

Thereafter on November 18, 1940, respondent deposited $9,000 of her own money with the title company in part payment of the purchase price. On November 29, 1940, the owners conveyed the property to Gallwey (Gunz) and Gunz executed a note and deed of trust upon the property to secure the payment of the balance of the purchase price. Before the time of trial the full purchase price had been paid to the sellers by respondent.

The property was conveyed to the title company by Gunz subject to a holding agreement executed by Tonini and respondent as provided in paragraph 5 of the above quoted agreement. The property was later conveyed by the title company to respondent in 1943 to permit her to place a deed of trust upon it to secure a loan to pay off the balance of the purchase price and record title was in her name at the time of trial.

While other questions are argued by the parties they need not be discussed in view of our conclusion that the following findings are sufficient to support the judgment in any event. The court found that the agreement above set out of November 16, 1940, was one appointing and employing Tonini the exclusive agent for the sale, leasing and management of said property for a consideration of one-third of the net profits; that Tonini at no time was a licensed real estate broker and that the contract was therefore illegal and void. Appellants argue that the contract is a joint venture contract and not one of agency. This flies in the face of the express provisions of paragraphs 2 and 3 of the agreement. By paragraph 2 respondent is to buy, maintain, care for and preserve said realty at her own cost and expense and by paragraph 3 appellant Tonini "is to be her exclusive agent for the sale, leasing or exchange thereof" with his compensation for such services fixed at one-third of the net profits. The contract clearly contemplates that ownership of the beneficial interest in the property shall be in the purchaser, respondent, and makes appellant Tonini her exclusive agent for the sale, leasing or exchange thereof.

Appellant does not dispute that it is now, and was when this contract was made, forbidden by statute for one not

a licensed real estate broker to enter into a contract in his own name to act as agent for the sale, leasing or exchange of real property. (Bus. & Prof. Code, §§ 10130, 10131; *Firpo* v. *Murphy,* 72 Cal.App. 249 [236 P. 968]; *Wise* v. *Radis,* 74 Cal. App. 765 [242 P. 90]; 9 Cal.Jur.2d, Brokers, § 68, pp. 224 et seq.)

Since the contract is an entire one the illegality in this particular invalidates it *in toto.* (Civ. Code, § 1608; *Haas* v. *Greenwald,* 196 Cal. 236 [237 P. 38, 59 A.L.R. 1493].)

Judgment affirmed.

Kaufman, P. J., and Stone, J. pro tem.,* concurred.

A petition for a rehearing was denied June 20, 1957, and appellants' petition for a hearing by the Supreme Court was denied July 16, 1957.

*Assigned by Chairman of Judicial Council.