[S. F. No. 20063. In Bank. Mar. 11, 1959.]

THEODORE E. WEIMAN et al., Petitioners, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents; JOHN A. NELSON, INCORPORATED (a Corporation), Real Party in Interest.

Daniel Kass for Petitioners.

No appearance for Respondents.

James C. Travis and Carl W. Svenson for Real Party in Interest.

SPENCE, J.—Petitioners, Theodore E. Weiman and Cecelia Weiman, seek a writ of prohibition to prohibit the respondent court from taking any "further steps to enforce its order for arbitration" under a construction contract, and also a writ of mandate to compel the respondent court to order a "summary trial to be set on the jury trial calendar." The "order

for arbitration" had been made by the trial court on July 9, 1958, following the hearing of a petition filed by John A. Nelson, Incorporated, under the provisions of section 1282 of the Code of Civil Procedure.[1]

Petitioners contend that they were entitled to a "summary trial" before a jury of issues of fact before any order for arbitration could be made. The consideration of this contention requires a brief analysis of section 1282. As we read the section, it appears that the only purpose of a proceeding thereunder is to obtain an "order directing that such arbitration proceed in the manner provided for in" the agreement of the parties. It further appears clear that the only appropriate issues of fact which may be raised for determination upon a "summary trial" under that section are (1) whether "a written provision for arbitration was made" and (2) whether "there is a default in proceeding thereunder."

 Thus the word "default," as used throughout the section, obviously refers only to the "default" of a party in refusing to proceed to arbitration as agreed rather than to a default by a party under the main provisions of the parties' contract. As was said in *Pneucrete Corp.* v. *United States Fid. & Guar. Co.*, 7 Cal.App.2d 733, at page 740 [46 P.2d 1000] : "The default mentioned in section 1282 of the Code of Civil Procedure refers to 'the failure to comply with the agreement to arbitrate.' " We therefore conclude that where the parties have admittedly agreed in writing, as in the present

---

[1]Section 1282 of the Code of Civil Procedure reads: "A party aggrieved by the failure, neglect or refusal of another to perform under an agreement in writing providing for arbitration may petition any superior court of the county or city and county where either party resides, for an order directing that such arbitration proceed in the manner provided for in such agreement. Five days' notice in writing of the hearing of such application shall be served personally upon the party in default. The court shall hear the parties, and upon being satisfied that the making of the agreement or such failure to comply therewith is not in issue, shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. If the making of the agreement or the default be in issue an order shall be made directing a summary trial thereof. Where such an issue is raised, the party alleged to be in default, may, on or before the return day of the notice of application, demand a jury trial of such issue, and if such demand be made, said court shall make an order referring the issue or issues to a jury called and impaneled in the manner provided for the trial of actions at law. If no jury trial be demanded said court shall hear and determine such issue. If the finding be that no agreement in writing providing for arbitration was made, or that there is no default in proceeding thereunder, the proceeding shall be dismissed. If the finding be that a written provision for arbitration was made and there is a default in proceeding thereunder, an order shall be made summarily directing the parties to proceed with the arbitration in accordance with the terms thereof."

case, that "Any disagreement arising out of this contract . . . shall be submitted to arbitration," then the only "default" which need be shown before an order for arbitration may be made under section 1282 is that a "disagreement" has arisen and that a party has refused to submit such "disagreement" to arbitration. Any other interpretation of the section would defeat the main purpose of arbitration proceedings, which is to obtain an expeditious hearing and determination by arbitrators of any "disagreement" which may arise.

Turning to the record before us, we find that the material facts are not disputed. John A. Nelson, Incorporated, filed a verified petition for an order directing that the Weimans proceed to arbitration in the manner provided by the agreement of the parties. Admittedly, that petition contained all the allegations required for that purpose. The petition was set for hearing for May 28, 1958, and notice of the hearing was served on the Weimans. They filed no answer denying any allegations of the petition, and they did not "on or before the return day of the notice of application" (Code Civ. Proc., § 1282), which was May 28, 1958, demand a jury trial of any alleged issue. In fact, the first suggestion that the Weimans desired a jury trial was made after the hearing had proceeded for some time on June 13, 1958. At the hearings held on May 28, 1958, and June 13, 1958, the Weimans appeared but made no claim that they had not entered into the agreement for arbitration or that they had not refused to proceed to arbitration. They merely raised two issues of law, which they submitted to the court upon admitted facts: (1) whether the contractor had substantially complied with requirements concerning licensing; and (2) whether their written agreement with the contractor for arbitration should be construed as being subject to a claimed "condition precedent."

With respect to the first issue of law, the admitted facts showed that John A. Nelson, individually, was at all times a licensed contractor; that he made the construction contract with the Weimans in his individual capacity; that thereafter he incorporated as John A. Nelson, Incorporated, and assigned the contract to the corporation; that the corporation was thereafter duly licensed during the course of the construction and has since remained duly licensed at all times, but that there was an interval between the time when the assignment was made by John A. Nelson, individually, to John A. Nelson, Incorporated, and the time when the corporation became duly licensed. The parties submitted briefs on this matter between

the time of the hearing on May 28 and the hearing on June 13. We are of the opinion that the trial court properly ruled against the Weimans on this issue of law, as the admitted facts showed that there had been a substantial compliance with the licensing requirements. (*Gatti* v. *Highland Park Builders, Inc.*, 27 Cal.2d 687 [166 P.2d 265]; *Citizens State Bank* v. *Gentry*, 20 Cal.App.2d 415 [67 P.2d 364].)

With respect to the second issue of law, the agreement of the parties was before the court. It made no express or implied reference to any "condition precedent" to arbitration unless the existence of a "disagreement" could be so considered. It contained the customary provision for supervision by the architect and for payments to become due upon certification by the architect. While it provided that the decisions of the architect should be "final and conclusive," it also provided in article 18, that "All his decisions are subject to arbitration." As above indicated, the agreement further provided that "Any disagreement arising out of this contract . . . shall be submitted to arbitration."

In order to understand the Weimans' position concerning the second issue of law, we may turn to their counsel's statements in the trial court. Counsel referred to this contention as the "crux of the problem here," and after conceding that Nelson had sought arbitration and that the Weimans had refused to proceed to arbitration, he said: "We told them that this particular contract does not provide for arbitration except after the condition precedent in said contract is met. And what is that condition precedent? The condition precedent is that this particular building must be satisfactorily completed, and that the architect who has been paid must pass on this building." In other words, counsel was urging the necessity for a judicial determination, as a "condition precedent" to an order for arbitration, of the very questions which were to be presented to the arbitrators under the agreement to arbitrate. No such construction can be placed upon the agreement, more particularly in the light of the parties' express agreement that "any disagreement" should be "submitted to arbitration" and that the architect's decisions should be "subject to arbitration."

It is true that Mr. Weiman testified and endeavored to take the position that the dispute was between the architect and the contractor rather than between the Weimans and the contractor. It nevertheless was conceded that the contractor had demanded from the Weimans the fourth payment of

$42,400 and had not received it. It was further conceded that the Weimans had made written complaints to the contractor concerning the work; and their counsel declared in the trial court that "The work was done unsatisfactorily," and that the architect had decided "that the job was unsatisfactory." Mr. Weiman was asked: ". . . in your mind is there anything wrong with that building?" and he testified: "Definitely." Thus it appears without conflict that there was a "disagreement" between the parties which was subject to arbitration under the agreement of the parties.

Even if it be assumed that the Weimans could have raised appropriate issues of fact requiring a "summary trial" without filing any pleading in the proceeding in the trial court, it appears clear from what has been said that they failed to raise in any manner any appropriate issue of fact. On the contrary, the making of the agreement for arbitration and their refusal to proceed to arbitration were all admitted facts. Thus there was no appropriate issue of fact to be determined by either a court or jury in any "summary trial" under section 1282 of the Code of Civil Procedure; and as the issues of law, which were submitted to the court at the hearings, were correctly decided upon the admitted facts, we conclude that the trial court properly made its order "directing the parties to proceed to arbitration in accordance with the terms of the agreement." (Code Civ. Proc., § 1282.)

In view of our conclusion that petitioners raised no appropriate issue of fact to be determined by a court or jury in any "summary trial," it becomes unnecessary to discuss the effect of petitioners' failure to demand a jury trial "on or before the return day of the notice of application," as provided in section 1282 of the Code of Civil Procedure.

The petition for a writ of prohibition and a writ of mandate is denied.

Gibson, C. J., Shenk, J., Carter, J., and Traynor, J., concurred.

McComb, J., dissented.

Petitioners' application for a rehearing was denied April 8, 1959. McComb, J., was of the opinion that the application should be granted.