243 Cal.App.2d 79 (1966)
ESTATE OF FRANK PRIETO III, a Minor. ERNEST DUNLEVIE ASSOCIATES et al., Petitioners and Respondents,
v.
FRANK PRIETO, as Guardian, etc., et al., Objectors and Appellants.
Civ. No. 7803. 
California Court of Appeals. Fourth Dist., Div. One. 
June 22, 1966.
 Raymond C. Simpson for Objectors and Appellants.
 James Hollowell and Allan C. Smith for Petitioners and Respondents.
 COUGHLIN, J.
 This is an appeal from an order, in response to a petition for instructions in a guardianship proceeding, directing payment of a "Real Estate Broker's fee." Appellants, Frank Prieto and Dora Joyce Prieto, are the guardians of the estate of a minor. Respondents, Ernest Dunlevie Associates and Eugene E. Therieau, are the petitioners who sought the order from which the appeal is taken.
 Each side to the controversy, in its briefs, assert facts wholly unsupported by the record. Nevertheless, those concededly true are included in the following statement.
 The minor, Frank Prieto III was the allottee of 120 acres of land held in trust for his use and benefit by the United States pursuant to the provisions of sections 331 et seq. and 951 et seq., title 25, United States Code. Respondents were active in effecting a lease of this and other adjacent land. Appellants agreed to participate; petitioned for and obtained authority to execute such a lease "to Senci Corporation, a California Corporation" on terms and conditions set forth in *82 a copy of the lease attached to their petition; and subsequently, on January 3, 1962, in response to a subsequent petition, obtained an "Amended Order" which again authorized them to execute a lease to the same corporation and contained the further provision that "petitioner is authorized to pay its proportionate share of the real estate commission in the amount of Fifty Thousand ($50,000.00) Dollars, payable one-half to Ernest Dunlevie Associates and one-half to Eugene E. Therieau ... provided that said lease is ... approved by the Secretary of the Interior. ..." (Italics ours.) The lease to Senci Corporation was not approved by the Secretary of the Interior. However, he indicated approval of a lease upon the same terms and conditions to "Senci, a Partnership, composed of Hast Builders, a California Corporation, Date Palm Development Company, a California Corporation, and Harab Development Company, a California Corporation." Thereupon appellants petitioned for and, on April 10, 1963, obtained an order authorizing them to execute such a lease to the partnership, but containing no provision for a real estate commission. Execution of this lease was approved by the secretary on April 23, 1963.
 In their brief, respondents refer to the substitution of lessees as a minor change in the lease. Nevertheless, the fact remains that the lease appellants originally were authorized to execute, which was to a corporation as lessee, never was executed, and the lease that was executed, pursuant to an independent order authorizing such, was to a partnership, as lessee.
 On January 22, 1964, Ernest Dunlevie Associates and Eugene E. Therieau instituted proceedings in the guardianship, by a document entitled "Petition for Instructions (Payment of Brokers' Fee Senci Lease)," to obtain an order directing Senci, a partnership, to pay to each of them on the anniversary date of the subject lease the sum of $593.20 for a total of five years. This petition referred to a prior order of the court, without identifying it by date, authorizing the guardians to execute a lease on the subject property; described the lease as that in which Senci, a partnership, was the lessee; and alleged that the order authorizing the guardians to enter into "said lease" contained language--setting it forth in haec verba--authorizing the guardians to pay the estate's proportionate share of the real estate commission to petitioners in five equal annual installments. The record before us establishes the allegation in this petition that the order authorizing the *83 guardians to execute the lease to the partnership contained a further order authorizing payment of a "real estate commission" is untrue. The order authorizing the payment of a commission was part of the order authorizing execution of a lease to the corporation.
 The petition for instructions did not contain any allegation that Ernest Dunlevie Associates and Eugene E. Therieau had been employed as brokers to obtain the subject lease; had rendered services in obtaining such a lease; or were licensed to act as brokers. At the hearing on this petition the guardians testified, in substance, they did not employ Ernest Dunlevie Associates or Eugene E. Therieau to act as brokers for them, nor did they agree orally or in writing to pay them a real estate commission in connection with the subject lease. It appears from other testimony that although the original proposal was to lease the property to Senci, a corporation, the substitution of a copartnership consisting of three corporations subsequently was proposed for tax reasons. Regardless of the reason for the substitution the evidence establishes the Secretary of the Interior would not approve a lease to a corporation but would approve a lease to a partnership. There was no testimony from which it might be concluded the guardians employed Ernest Dunlevie Associates or Eugene E. Therieau to act as brokers; employed either of them in any capacity to effect execution of the lease; or promised to pay either of them a commission or a fee.
 Following the hearing the court made the order appealed from which is entitled "ORDER (Directing Payment of Broker's Fee, Senci Lease)," which referred to the petition as one requesting an order "directing the payment of a Real Estate Broker's fee"; ordered the guardians to pay Ernest Dunlevie Associates and Eugene E. Therieau, each, the sum of $593.20 each year for five years commencing on the first anniversary date of the lease, and authorized Senci, a partnership, to deduct these sums from the yearly rentals due under the lease and pay the same directly to Ernest Dunlevie Associates and Eugene E. Therieau at the times designated.
 The order must be reversed for the following reasons:
 (1) There is no evidence that respondents were employed by the guardians or performed any services for the estate as a broker in obtaining the subject lease;
 (2) There is no evidence that either of them was a licensed real estate broker during the time in question; *84
 (3) It appears from respondents' brief on appeal that Therieau was an attorney-at-law and not a licensed real estate broker;
 (4) The purported services for which Therieau seeks compensation were rendered as a broker and not as an attorney-at-law;
 (5) Any employment of Therieau to render such services was illegal;
 (6) Any employment of Ernest Dunlevie Associates as a broker involved the joint employment of Therieau and for this reason was illegal;
 (7) The services rendered by Dunlevie Associates and Eugene E. Therieau in obtaining the subject lease were part of a single consideration which, because Therieau admittedly was not a licensed broker, was illegal; and
 (8) That part of the order authorizing payment of the real estate commission from the yearly rentals due under the lease contravenes controlling provisions in the United States Code, as approval of such payment was not obtained from the Secretary of the Interior.
 [1] It would appear respondents rely entirely upon the order of January 3, 1962, authorizing execution of the lease to the corporation and payment by the estate of its proportionate share of the real estate commission payable to respondents, as proof of the fact they were entitled to such a commission. This order was ineffective for this purpose in that the authority thus conferred to pay a real estate commission was conditioned upon approval by the Secretary of the Interior of the lease therein referred to, which was the lease to the corporation. This lease never was approved. Furthermore, this order did no more than "authorize" the guardians to pay "the real estate commission." It did not direct payment, and for this reason may not be the basis of a claim by respondents they were employed by the guardians as brokers to obtain the partnership lease, or rendered services to the estate as such in obtaining that lease.
 [2] There was neither pleading nor proof that Ernest Dunlevie Associates or Eugene E. Therieau were licensed real estate brokers at the time they rendered services for which they claim a real estate commission. Section 10136 of the Business and Professions Code provides: "No person ... acting in the capacity of a real estate broker or a real estate salesman within this State shall bring or maintain any action in the *85 courts of this State for the collection of compensation for" services as such a broker or salesman "without alleging and proving that he was a duly licensed real estate broker or real estate salesman at the time the alleged cause of action arose." Respondents contend the foregoing rule does not apply to a petition for an order in a guardianship proceeding directing payment of a real estate commission; such a proceeding is not an "action" within the meaning of the statute; and for this reason they were not required to plead or prove they were licensed to act as a real estate broker or salesman. This contention is without merit. The object of the statute would be defeated if recovery of a real estate commission not obtainable in an action against a guardian could be effected by a petition in the guardianship proceeding. No reason appears for differentiation between a claim for a real estate commission against a guardian and one against an individual. The purpose of the law is to prevent recovery of a real estate commission by a person not licensed as a real estate broker or salesman. It is for this reason the law not only requires the person seeking recovery of a real estate commission to plead and prove he is a licensed real estate broker, but also provides that any person acting as a real estate broker without a license is guilty of a criminal offense (Bus. & Prof. Code, 10139), and further provides that any person who pays a real estate commission to a person not licensed as a real estate broker is guilty of a criminal offense. (Bus. & Prof. Code, 10138.)
 [3, 4] Not only is there no proof that at the time in question respondents were licensed real estate brokers, but it affirmatively appears from their brief that Eugene E. Therieau, at that time, was an attorney-at- law and not a licensed real estate broker. An agreement employing a person to act as a real estate broker who is not licensed as such is illegal, void and unenforceable. (Davis v. Chipman, 210 Cal. 609, 619 [293 P. 40]; Haas v. Greenwald, 196 Cal. 236, 242 [237 P. 38, 59 A.L.R. 1493]; Weber v. Tonini, 151 Cal.App.2d 168, 171 [311 P.2d 132]; cf. Firpo v. Murphy, 72 Cal.App. 249, 253 [236 P. 968].)
 In Lewis & Queen v. N. M. Ball Sons, 48 Cal.2d 141, 147 [308 P.2d 713], the court said: "Whatever the state of the pleadings, when the evidence shows that the plaintiff in substance seeks to enforce an illegal contract or recover compensation for an illegal act, the court has both the power and duty to ascertain the true facts in order that it may not unwittingly lend its assistance to the consummation or encouragement of *86 what public policy forbids. (Citations.) It is immaterial that the parties, whether by inadvertence or consent, even at the trial do not raise the issue. The court may do so of its own motion when the testimony produces evidence of illegality. (Citation.) It is not too late to raise the issue ... even on appeal." [5] In light of respondents' statement in their brief that Therieau was not a licensed broker, we deem it appropriate to indicate that application of the foregoing rule to the instant situation bars recovery of a broker's real estate commission.
 [6] To avoid the claim of illegality respondents, although admitting Therieau was not a licensed broker, contend his services in effecting the lease were rendered as an attorney rather than a broker as defined by the licensing statute. (See Bus. & Prof. Code, 10131 and 10131.2.) This contention is not supported by the evidence. The order of January 3, 1962, upon which respondents rely to establish their claim, authorized execution of a lease to the corporation and, upon its approval, payment to them of a "real estate commission." Their petition for instructions was directed to the payment of "Broker's Fee Senci Lease." The order appealed from refers to this petition as requesting an "order directing the payment of a Real Estate Broker's fee." These circumstances dictate the conclusion respondents were seeking recovery of a broker's fee.
 [7] It would appear respondents were associated in a joint effort to effect the subject lease. The order of January 3, 1962, concerned a single real estate commission payable one-half to Ernest Dunlevie Associates and one-half to Eugene E. Therieau. Nowhere in the record does it appear that either respondent, at any time, claimed a separate commission or fee. The assumed services in effecting the subject lease being the product of the joint effort of both respondents, the illegality attendant upon Therieau's participation, because he was not a licensed broker, invalidates the whole transaction, and forecloses recovery by either of them. (Haas v. Greenwald, supra, 196 Cal. 236, 242, 246; Weber v. Tonini, supra, 151 Cal.App.2d 168, 171.)
 [8] That part of the order appealed from authorizing deduction of the commission from rental, under the circumstances of this case, is contrary to controlling federal law in the premises. The leased property was owned by the minor as an allottee, subject to trusteeship in the United States. Section 348, title 25, of the United States Code provides that "any contract made touching" allotted land "shall be absolutely *87 null and void." The proceeds of such land are subject to the same trusteeship provisions as the land. (Squire v. Capoeman, 351 U.S. 1, 9 [76 S.Ct. 611, 616, 100 L.Ed. 883, 890].) In this regard, section 410, title 25, of the United States Code specifically provides: "No money accruing from any lease ... of lands held in trust by the United States for any Indian shall become liable for the payment of any debt of, or claim against, such Indian ... except with the approval and consent of the Secretary of the Interior." As a consequence, any charge upon rentals due under the lease may not be effected without approval of the Secretary of the Interior. Respondents contend the Secretary of the Interior approved payment of a real estate commission by approval of the lease. However, the lease made no mention of any real estate commission. Their contention in the premises is a conclusion without support in fact or law. The provision in the order authorizing the lessee to pay respondents a designated sum each year upon their commission from rental due under the lease is equivalent to a charge upon land the title to which is in the United States as trustee; is contrary to the proscription of sections 348 and 410, which control state court action in the premises; and, for this reason, is erroneous. (Spriggs v. United States, 297 F.2d 460, 463; Beall v. Graham, 75 Kan. 98 [88 P. 543, 544]; Burney v. Burney, 61 Okla. 35 [160 P. 85, 86].)
 [9] Respondents moved to dismiss this appeal on the ground the order from which the appeal is taken is not appealable. An appeal may be taken from an order "instructing or directing a guardian." (Prob. Code, 1630.) The instant order is within this category. Respondents' contention to the contrary is without merit.
 Motion to dismiss appeal denied. The order is reversed.
 Brown, P. J., concurred.