[Civ. No. 13332. First Dist., Div. Two. Sept. 8, 1947.]

JOHN COSTELLO, as Trustee, etc., Respondent, v. W. F. CAMPBELL, Appellant.

Sefton & Quattrin for Appellant.

Shapro & Rothschild, August B. Rothschild and Forrest H. Bailey for Respondent.

NOURSE, P. J.—Plaintiff sued for the value of equipment and for work of installation of two cold storage plants on defendant's premises to be used in the operation of a hatchery and poultry ranch. Plaintiff was not a licensed contractor and the demand for services as such was waived. The trial court awarded plaintiff judgment for the balance of the account having found that the equipment installed was prefabricated and did not become a permanent fixture. Judgment therefor followed covering the cost of installation and the value of this material on the basis of section 7045 of the Business and Professions Code which reads: "This chapter does not apply to the sale or installation of any finished products, materials or articles of merchandise, which are not actually fabricated into and do not become a permanent fixed part of the structure."

Appellant raises two main grounds for a reversal of the judgment—that it was error to hold that the award came within the exception of section 7045, and that it was error to hold that the materials furnished were free from defects. Both issues are simple questions of fact. Both were met by conflicting testimony of expert and lay witnesses. In both instances the trial judge made a personal examination and drew his findings in accord with the evidence which he heard and saw.

Appellant states two other matters which might present grounds for appeal. First, that the contract was indivisible, and that respondent should not recover for the installation of the finished products which were found not to be permanent fixtures. But such recovery is specially authorized by section 7045. Any other construction of the section would make the entire statute "an unwarranted shield for the avoidance of a just obligation." *Gatti* v. *Highland Park Builders, Inc.*, 27 Cal.2d 687, 690 [166 P.2d 265].

Second, it is suggested that there might have been error in holding appellant indebted on an open book account. It does not appear how appellant has suffered any prejudice. The complaint was framed in three counts—on an open book account, indebitatus assumpsit, and on an account stated.

454

The second and third counts incorporated all of the first. The judgment was based upon the finding of an. open book account and that defendant was indebted for "the reasonable value of said materials furnished and labor performed." There is no contention that the second count did not state a good cause of action. The finding on the reasonable value is sufficient to support the judgment and if there was any defect in the proof of an open book account, that portion of the finding may be treated as surplusage.

Judgment affirmed.

Goodell, J., and Dooling, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 6, 1947.