[Civ. No. 15619.   First Dist., Div. Two.   Sept. 15, 1953.]

E. A. DAVIS & COMPANY, INC. (a Corporation), Respondent, v. H. L. RICHARDS et al., Appellants.

Crist, Stafford & Peters and Elton F. Martin for Appellants.

Clark L. Bradley for Respondent.

NOURSE, P. J.—Plaintiff sued for the unpaid balance due on a sale and installation of a patented kitchen unit consisting of sink, dishwasher and cabinets, with incidentals consisting of changes in electrical outlets, laying of linoleum, painting, etc. In a trial to the court a balance of $1,536.72 was found due and judgment for plaintiff followed.

In their answer the defendants charged that some of the work was improperly and unskillfully performed. The trial court, on substantial evidence, found adversely to this defense and no point is made on that issue in the appeal.

The appellants' appeal rests wholly on the claim that respondent should not recover because the corporation was not a licensed contractor. In reply the respondent asserts that it was not a contractor within the meaning of section 7026 of the Business and Professions Code, that, if subject to any provisions of that code, it was as a "specialty" contractor controlled by sections 7055 and 7058.

There is no dispute in the facts. They show that the kitchen unit consisted of seven steel wall cabinets, six steel base cabinets, one dishwasher and one sink assembly with garbage disposal. All these were prefabricated and were attached to the floor and the walls. The trial court found that the

cabinets "were prefabricated and a finished product"; and that it "was not actually fabricated into nor did it become a permanent, fixed part of the defendants' kitchen." It also found that "the minor plumbing and electrical wiring . . . was a part of the installation of the finished kitchen cabinets, and was necessary to their proper operation. . . ."

All these findings are supported by competent and substantial evidence. The finding that the cabinets did not become permanent fixtures really disposes of the case as was held in *Costello* v. *Campbell*, 81 Cal.App.2d 452 [184 P.2d 315].

In support of its judgment the learned trial judge filed an opinion, which we adopt as our reasons for an affirmance of the judgment, and which reads as follows:

"Plaintiff's first cause of action alleges a book account for unpaid balance due from defendants of the sum of $1,536.72; the second cause of action alleges a sale to defendants of kitchen fixtures and appliances of the reasonable value of $3,036.72, upon which defendants have paid the sum of $1,500, leaving a balance due plaintiff from the defendants of the sum of $1,536.72.

"By the answer the defendants deny the allegations of plaintiff's complaint except they admit the payment to plaintiff of the sum of $1,500 on account; they allege that the complaint does not state a cause of action; further, that plaintiff agreed to furnish defendants the materials and labor necessary to install certain kitchen units and other labor for installation, etc., for the overall sum of $2,215.70; and in addition seek to recover the sum of $688 damages for faulty workmanship in the installation; and by cross-complaint seek to recover the sum of $53 for plaintiff's negligence in scratching of defendants' kitchen floor and table and other minor items.

"It appears from the evidence in this case that plaintiff has established his cause of action against the defendants as prayed for by a preponderance of the credible evidence.

"Except for the special defenses herein referred to, there is no doubt but that the defendants are indebted to the plaintiff in the sum of $1,536.72.

"In substance the defense to plaintiff's action herein is based on their contention that the plaintiff was obliged to have a contractor's license before it could contract to perform, or sue to collect for the sale and installation of certain prefabricated kitchen cabinets, and in addition some wallpaper and linoleum sold and installed by the plaintiff in the home of

the defendants at the instance and request of the latter, for which they now refuse to pay after installation thereof.

"Defendants' contentions are based on sections 7025, 7026, 7028, and 7031, division 3, chapter 9, article 2, of the Business and Professions Code of the State of California; which sections generally indicate the persons and entities which are required to have licenses in order to contract, and specify the penalties for those who contract without such licenses.

"On the other hand, the plaintiff contends the above cited sections of the Business and Professions Code relied on by the defendants are not applicable to the facts or issues herein involved, nor do they govern or control the established facts as disclosed by the evidence in this action.

"It is the plaintiff's contention herein that the evidence shows it was clearly within the exceptions and freed from the observance of the general provisions of the law pertaining to contractors generally.

"While as a general practice the Business and Professions Code requires a contractor to obtain a license to engage in building enterprises or suffer penalties provided in said laws, there are certain exemptions provided in said statutes.

"The sections of the Business and Professions Code above referred to and which it is believed govern this case are as follows:

" 'This chapter does not apply to the sale or installation of any finished products, materials, or articles of merchandise, which are not actually fabricated into and do not become a permanent fixed part of the structure.'

"Chapter 9, article 3, section 7045 Business and Professions Code.

"This section last cited was construed in *Costello* v. *Campbell*, 81 C.A.2d 452 [184 P.2d 315]. It involved facts substantially the same as are disclosed in the present action, and the court held that under the exemptions provided for in section 7045 of the Business and Professions Code the law permits an unlicensed contractor to recover for the sale and installation of finished products which do not become permanent fixtures to the realty.

"The evidence in this case established the fact that the kitchen cabinets were prefabricated and a finished product; that such product was not actually fabricated into nor did it become a permanent, fixed part of the structure.

"It would appear that whatever minor plumbing and elec-

tric wiring was needful to be used in installing the electric dishwasher and garbage disposal units was a part of the installation of the finished kitchen cabinet setup, it was necessary to its proper operation and not independent thereof, and would come within the exemption provisions of section 7045 of the Business and Professions Code.

"The evidence discloses that in connection with the installation of the prefabricated kitchen cabinet in the home of the defendants, in order to make a complete job, plaintiff did some electrical work and papering and laying of linoleum. This work was merely incidental to the installation of the St. Charles kitchen cabinet, a prefabricated article, and was done in the kitchen or immediately adjacent thereto. Plaintiff was not a general contractor to do such work, but specialized in the selling and installation of the St. Charles kitchen cabinet, which he buys as a finished product and installs the same as he did in this case. All such incidental work was performed by licensed mechanics hired and paid for by the plaintiff, and in these instances such mechanics were paid less than a hundred dollars for each piece of work.

"Section 7048, Business and Professions Code.

"Since the plaintiff was a specialty contractor who, under the facts of this case, was not obliged to have a license but had the same status as a licensed contractor, he was authorized to contract with two or more crafts to do and perform incidental and supplemental work which it had undertaken to do as was done in this case.

"Section 7059, Business and Professions Code.

"It further appears from the evidence that the plaintiff did and performed all said work in installing said prefabricated kitchen cabinet in defendants' home in a good and workmanlike manner, and as agreed, as well as all incidental or supplemental work in connection therewith. It further appears from the evidence that defendants have failed to establish any defense, counterclaim, or cause of cross-complaint against the plaintiff herein.

"It is the opinion of the court that plaintiff take judgment against the defendants as prayed for in this complaint, and for costs, and interest from September 27, 1950."

Judgment affirmed.

Goodell, J., and Dooling, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied November 12, 1953.