[Civ. No. 22127.    First Dist., Div. Three.    Feb. 25, 1966.]

BRUNZELL CONSTRUCTION CO., INC., OF NEVADA,
Plaintiff and Appellant, v. BARTON DEVELOPMENT
COMPANY et al., Defendants and Respondents.

Charles E. Goff and Pelton, Gunther & Gudmundson for Plaintiff and Appellant.

Heller, Ehrman, White & McAuliffe, George A. Blackstone and Victor A. Hebert for Defendants and Respondents.

DRAPER, P. J.—Demurrer to plaintiff's complaint was sustained without leave to amend. Judgment of dismissal followed, and plaintiff appeals.

Plaintiff is a Nevada corporation. It has never been licensed as a contractor in California, but its sole shareholder and responsible managing officer is individually licensed in this state as a general contractor. He is also the sole shareholder and responsible managing officer of Everett S. M. Brunzell Corp., a California corporation which is licensed. On August 10, 1960, plaintiff corporation and defendant entered into a written contract, under which plaintiff was to construct an apartment house upon property owned by defendant for a price not to exceed $1,450,000. Not less than $1,000,000 was to be paid to plaintiff contractor in cash, and the remainder by promissory notes of defendant. Upon completion of the building and its acceptance by defendant (but not until then) the parties were to form a joint venture to own and operate it. Part of plaintiff's capital contribution to the joint venture would be the surrender of its notes.

On November 9, 1960, three months after the contract was signed, and before any construction had begun, defendant sold

the land, but did not advise plaintiff of the sale until December 7. ▉ Although the first two counts of the complaint allege that plaintiff "expended the efforts of highly trained . . . personnel in performing its duties under said contract," its brief insists that these counts do not "allege performance under the contract." In any event, it is clear that they seek damages of $2,107,500 for anticipatory breach, including profit which would have been realized had construction commenced and been completed, and the value of the share which plaintiff would have had in the joint venture had it been formed. The third cause alleges fraud in the concealment from plaintiff of defendant's negotiations for sale to another, and seeks $6,000 for costs incurred "in the work of performing said contract" between August 10 and December 7.

"It is unlawful for any person to engage in the business or act in the capacity of a contractor . . . without having a license therefor" (Bus. & Prof. Code, § 7028). A contractor is "any person who undertakes to or offers to undertake to or purports to have the capacity to undertake to or submits a bid to, . . . construct . . . any building" (Bus. & Prof. Code, § 7026). "No person engaged in the business or acting in the capacity of a contractor, may bring or maintain any action in any court of this State for the collection of compensation for the performance of any act or contract for which a license is required by this chapter without alleging and proving that he was a duly licensed contractor at all times during the performance of such act or contract" (Bus. & Prof. Code, § 7031, as it stood in 1960, Stats. 1957, ch. 845, p. 2067). The complaint here admits that plaintiff was never licensed.

In discussing the application of section 7031 to Counts 1 and 2, we accept plaintiff's contention that these counts do not allege any "performance" under the contract, difficult as that assumption is under the language of the complaint.

Plaintiff argues that section 7031 has no application to these counts because recovery is sought only for anticipatory breach and not for performance. No authority is cited for this view. It seems to us an overly narrow construction of the code section. Strictly applied, it would lead to the odd rule that one who could not recover for full performance of a contract could nonetheless recover for not performing it at all. ▉ In submitting its bid and executing the contract, plaintiff performed acts in the capacity of a contractor (Bus. & Prof. Code, §§ 7026, 7028). Its action to recover compensation for these acts thus falls within the proscription of section 7031.

But plaintiff argues that it has "substantially complied" with the licensing requirement. (*Weiman* v. *Superior Court,* 51 Cal.2d 710 [336 P.2d 489] ; *Gatti* v. *Highland Park Builders, Inc.,* 27 Cal.2d 687 [166 P.2d 265] ; *Oddo* v. *Hedde,* 101 Cal.App.2d 375 [225 P.2d 929]; *Citizens State Bank* v. *Gentry,* 20 Cal.App.2d 415 [67 P.2d 364]). But in each of these cases, the contractor had supplied and paid for improvements which were affixed to the owner's land. The decisions stress the inequity of permitting the owner to have this benefit at another's cost. In each case, the contractor was properly licensed during much of the construction period, and the license lapses were somewhat technical. ■ Thus the equities were held to prevent strict application of section 7031. But in our case there was no performance at all, and thus neither unjust enrichment of the owner nor unfair loss to the contractor. Plaintiff never had any license. The cited decisions cannot apply here.

But, says plaintiff, it could have secured a license at any time, since its responsible managing officer, and another corporation in which he held a like position, were licensed. It urges that *Gatti* and *Citizens State Bank* held mere capability of securing a license to be sufficient. But as we have pointed out, those cases do not so hold. In each, the builder was fully licensed when he executed the construction contract and also when he commenced performance. ■ We cannot accept the multiple conjectures that if plaintiff had commenced construction it would have secured a license and therefore is entitled, without any license, to recover profits it would have realized on the job if it had performed it. ■ Nor is plaintiff automatically eligible for a license merely because its president and its sister corporation are licensed, at least in the absence of allegations of identity of officers and directors of the two corporations (see Bus. & Prof. Code, §§ 7069, 7071).

Plaintiff also relies upon a decision permitting recovery of profits as between partners whose contracting business had not been properly licensed (*Norwood* v. *Judd,* 93 Cal.App.2d 276 [209 P.2d 24]). But there the partnership had terminated, the sums due it had been wholly paid, and no protection of the public could be afforded by permitting one partner to retain all. The case is readily distinguishable from that at bench, where the unlicensed contractor seeks to recover upon his construction contract. The element of unjust enrichment was present in *Norwood,* since to deny one partner his share of the

profits would leave the other in possession of all the partnership had realized. That element is wholly lacking here. A decision involving joint venture (*Epstein* v. *Stahl,* 176 Cal.App.2d 53 [1 Cal.Rptr. 143]) is inapplicable here for the same reasons, and also because the joint venture here was not to commence until the building was completed, accepted, and paid for.

We conclude that as to the first two counts, the demurrer was properly sustained.

The third count, however, stands upon another ground. It alleges fraud, in that defendant "sometime prior to November 9, 1960, formed the intention of selling" its land, thus rendering performance of the contract impossible. Plaintiff does not know when such intention was formed and asks leave to amend when that fact is known. It is also alleged that the withholding of this information by defendant "was intentional and malicious and arose out of the intent to harm plaintiff"; and that $6,000 was spent by plaintiff in preparation for performance of the contract before it learned of the sale.

If this count alleges fraud which induced plaintiff to enter into the contract, it states a cause of action not barred by plaintiff's lack of a license (*Grant* v. *Weatherholt,* 123 Cal. App.2d 34 [266 P.2d 185]). In such case, plaintiff's expenditures would serve as a measure of compensatory damages for fraud, although not recoverable as compensation under the contract. On the face of the complaint it appears that plaintiff may be able to amend so as to allege fraud in the inducement, as, for example, by pleading that the intent not to perform antedated defendant's execution of the contract. It was thus error to deny leave to amend.

The judgment is affirmed as to the first two counts, but is reversed as to the third, with directions to sustain the demurrer to that count, but to grant plaintiff a reasonable time to amend.

Salsman, J., and Devine, J., concurred.