[Civ. No. 8121.   Fourth Dist., Div. One.   Dec. 9, 1966.]

FINLEY-GORDON CARPET COMPANY, Plaintiff and Respondent, v. BAY SHORE HOMES, INC., Defendant and Appellant.

Hillyer, Crake & Irwin and Thomas C. Harden for Defendant and Appellant.

George G. Hurst for Plaintiff and Respondent.

BROWN, P.J.—Defendant, Bay Shores Homes, appeals from a judgment awarding plaintiff partnership, Finley-Gordon Carpet Co., $18,864 plus interest and costs for carpeting installed under contract.

Plaintiff installed carpeting in defendant's apartments by the "tackless strip method." The apartments, 10 two-story

units of four apartments each, were designed so carpets could be interchanged between rooms in an apartment and between apartments. The tackless strip method involves cutting carpet to room size; nailing strips of wood containing little barbs or tacks sticking up toward the wall at a 60 degree angle around the perimenter of the room's floor; sticking with water soluble paste (first floor cement floors) or staples (second floor wooden floors) a rubber pad between the perimeter strips; and stretching the carpet over the barbs, leaving the carpet firm, and smooth on the floor. No molding is used. The rubber pad and carpet can easily and rapidly be removed without damaging the pad, carpet or floor. Pulling the pad upward pulls out the staples without the use of a tool. The tackless strips are removable and re-usable.

■ Defendant is not dissatisfied with the carpeting. It seeks gratuitous enrichment because plaintiff partnership did not have a specialty contractors license (see *Latipac, Inc.* v. *Superior Court,* 64 Cal.2d 278 [49 Cal.Rptr. 676, 411 P.2d 564]). Business and Professions Code, section 7031 requires a license before a contractor, including a specialty contractor like plaintiff (Bus. & Prof. Code, §§ 7026 and 7058) may bring an action for the collection of compensation for the performance of any contract for which a license is required. An exemption is established by Business and Professions Code, section 7045, which provides: "This chapter does not apply to the sale or installation of any finished products, materials or articles of merchandise, which do not become a fixed part of the structure. . . ."

■ The trial court properly held the exemption applies here. The evidence that the carpets can easily be removed without damaging the apartments sufficiently supports the trial court's finding the carpets did not become a fixed part of the structure. (See *Shelley* v. *Kofka,* 107 Cal.App.2d 827 [237 P.2d 984] ; *E. A. Davis & Co.* v. *Richards,* 120 Cal.App.2d 237 [260 P.2d 805].)

■ Defendant contends plaintiff elected to treat the carpets as fixtures by filing a mechanic's lien. Neither compelling reason nor authority has been presented, however, to indicate why the law of fixtures should be incorporated into the Legislature's design for licensing contractors.

Defendant also argues if the exemption is applied, most carpet installers will never become licensed. All carpet installers and other specialty contractors using methods which

result in materials becoming a fixed part of the structure, however, remain subject to the licensing requirement. Contrary to defendant's assertion, the application of the exemption does not nullify the effect of the general provisions requiring specialty contractors to be licensed.

The judgment is affirmed.

Coughlin, J., and Finley, J. pro. tem.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 1, 1967.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.