[Civ. No. 24084. First Dist., Div. Three. Jan. 10, 1968.]

W. R. JOHNSON et al., Plaintiffs and Appellants, v. VERLIN E. MATTOX et al., Defendants and Respondents.

Eugene K. Lawlor for Plaintiffs and Appellants.

Miller, Haygood & Critchfield, Mark L. Eaton, Merrill & Johnson and Richard W. Johnson for Defendants and Respondents.

SALSMAN, J.—Appellants brought this action against the respondents to recover the sum of $7,975 due them for services rendered and materials furnished in the preparation of the grounds of respondents' "California Baseball School." During cross-examination of appellants' first witness, the court granted respondents' motion to dismiss the action on the ground that appellants were barred from recovering because none of them were licensed as contractors. (Bus. & Prof. Code, §§ 7026-7059.)

The evidence introduced before the dismissal established the following facts: Respondents asked appellants to help them build a baseball school. Because respondents could not pay cash, it was agreed that stock of the incorporated baseball school would be issued to appellants in payment for their labor and materials. After some oral discussion, appellants submitted a detailed bid, in which they offered to do the following:

1. Install a complete water and sprinkling system   $1,250
2. Construct two redwood signs and affix them to the realty in concrete   1,000
3. Affix four metal signs to redwood mountings and affix mountings to the realty in concrete   300
4. Attach netting to frames, set frames in concrete, and mount and bolt machines to concrete bases affixed to the realty   850
5. Construct an exercise stand   300
6. Construct dugouts, including excavating, pouring concrete floor and steps, building walls and roof, and backfilling with dirt   2,400
7. Construct scoreboards and affix to the realty in concrete   840
8. Supply tractor and mowers   650
9. Paint backstops and dugouts

Appellants' bid was accepted and thereafter appellants completed the work and furnished the materials as agreed.

The baseball school did not prosper however. Some months after the work was completed respondents informed appellants that no stock would be issued. When appellants asked for their stock or money, respondents told them to "Get it the best way you can." This litigation followed.

We have concluded that the trial court's judgment that appellants take nothing is correct in all respects save one. Appellants should be permitted to recover the stated amount for the tractor and mowers furnished pursuant to the bid accepted by respondents. As to the remaining materials and labor furnished, however, we hold that appellants are barred from recovering by Business and Professions Code section 7031.

Section 7031 provides in part as follows: "No person engaged in the business or acting in the capacity of a contractor, may bring or maintain any action in any court of this State for the collection of compensation for the performance of any act or contract for which a license is required by this chapter without alleging and proving that he was a duly licensed contractor at all times during the performance of such act or contract." Appellants urge that they were not "acting in the capacity of a contractor" and hence are not barred from recovering the agreed price of the labor and materials they furnished. We cannot agree.

Business and Professions Code section 7026 defines a contractor as ". . . any person, who undertakes to . . . construct, alter, repair, add to, subtract from, improve, move, wreck or demolish any building, highway, road, . . . railroad, excavation or other structure, project, development or improvement, or to do any part thereof, including the erection of scaffolding or other structures or works in connection therewith. The term contractor includes subcontractor and specialty contractor." There can be no doubt that the labor and materials appellants agreed to furnish, as recited in their bid, is embraced within the broad language of section 7026. That section leaves little building or construction activity outside its purview. As the court noted in *Bowline* v. *Gries*, 97 Cal.App.2d 741 [218 P.2d 806], it was the apparent intention of the Legislature in enacting the statute to cover the subject thoroughly so that its protective purposes could not easily be evaded. In *Bowline* the court found the statute sufficiently broad to cover well drilling, and we have no difficulty in seeing it as sufficiently broad to cover the installation of a water and sprinkler system for a baseball field. Nor is there

any difficulty in seeing that the statute applies to the other items described in appellants' bid. All were part of respondents' project to construct a baseball facility. Appellants built and painted various signs and set them in concrete; they built a scoreboard and excavated, prepared and constructed dugouts; they installed frames for the batting cages and also set them in concrete. When the entire project is considered in the light of the detailed bid offered by appellants and accepted by respondents, it is clear that appellants were acting in the capacity of a contractor as defined in section 7026.

Appellants also invoke the aid of Business and Professions Code sections 7045 and 7046, which, in substance, permit unlicensed persons to recover for ". . . sale or installation of any finished products, materials or articles of merchandise, which do not become a fixed part of the structure," or for the "construction" or "improvement" of "personal property." Neither section is applicable. The installation of permanent signs fixed in the ground in concrete are not within accepted definitions of personal property. (Civil Code, § 660; *San Diego Trust & Sav. Bank* v. *County of San Diego*, 16 Cal.2d 142, 149 [105 P.2d 94, 133 A.L.R. 416].) Nor are signs mounted in cement "finished products [or] materials . . . which do not become a fixed part of the structure. . . ." Sections 7045 and 7046 were intended to apply to installations in which construction activity is merely incidental, such as the installation of kitchen appliances (*E. A. Davis & Co.* v. *Richards*, 120 Cal.App.2d 237 [260 P.2d 805]), and not to the installation of a sprinkler system, which is constructed out of lengths of pipe and buried in the ground where it is intended to be used.

Appellants argue that since section 7031 bars actions for "compensation" their action on a contract providing for payment in stock is not barred. We do not think the Legislature used the term "compensation" so narrowly. Surely the protective purpose of the statute, which is to discourage faulty construction by denying recovery to unlicensed contractors, was not intended to be easily evaded by providing for payment in any form other than cash. "Compensation" should be read in its usual and ordinary sense, which imports payment or reward in any form. In any event, this is not an action to recover stock. The complaint is for money, and the prayer seeks only a money judgment. Thus, even if stock is not "compensation" within section 7031, appellants' suit is "an action . . . for the collection of compensation" and hence barred.

■ Appellants also attempt to argue that they were engaged in a joint venture with respondents and hence they need not be licensed as contractors to maintain this action. They cite *Latipac, Inc.* v. *Superior Court,* 64 Cal.2d 278 [49 Cal.Rptr. 676, 411 P.2d 564]; *Galich* v. *Brkich,* 103 Cal.App. 2d 187, 191 [229 P.2d 89], and *Norwood* v. *Judd,* 93 Cal.App. 2d 276, 284 [209 P.2d 24]. The argument is wholly without merit. Appellants' complaint says nothing of a partnership or joint venture between the parties. It merely alleges that the services and materials were supplied to respondents at their request and that respondents agreed to pay their reasonable value, which was alleged to be $7,975. Moreover, nothing in the evidence warrants the inference that appellants entered into a joint venture with respondents. All that is shown is that appellants were to be paid for their labor and materials in the stock of a corporation rather than in cash, and that when the stock was not issued appellants asked for payment in money. We see no evidence of a joint venture in these facts.

■ Appellants are entitled to recover for one item of their bid, however. In item 8 they agreed to furnish a tractor and mowers at a price of $650. Recovery by an unlicensed contractor for the sale of goods is in no way barred by sections 7026 and 7031. There is no building or construction activity involved in the furnishing of a tractor and mowers As we have seen, an unlicensed contractor may recover for the ''sale . . . of any finished products . . . which do not become a fixed part of the structure'' (Bus. & Prof. Code, § 7045).

■ Finally, we are not impressed with respondents' argument that the contract is an entire one and not divisible, and for this reason no partial recovery may be allowed. In view of the severity of the sanctions imposed by section 7031, we need not apply traditional rules concerning the severability of contracts, or give the section an over-broad construction so as to invoke penalties in cases where penalties are not clearly required. (See *Latipac, Inc.* v. *Superior Court, supra,* 64 Cal. 2d 278, 279-280.)

The judgment is affirmed except as it applies to item 8 of appellants' bid, and as to that item the judgment is reversed, with directions to enter judgment in appellants' favor for $650. Appellants shall recover their costs.

Draper, P. J., and Bray, J.,* concurred.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.