[Civ. No. 12266. Third Dist. July 7, 1970.]

RAY MUTH, Plaintiff and Appellant, v.
RONALD D. LEINEKE et al., Defendants and Respondents.

**COUNSEL**

Max H. Hoseit for Plaintiff and Appellant.

Jerrald K. Pickering for Defendants and Respondents.

**OPINION**

**BRAY, J.**\*—Judgment roll appeal by plaintiff from judgment in favor of defendants.

### QUESTIONS PRESENTED

1. The undisclosed agent's lack of license, said license required by Business and Professions Code, section 7031, bars recovery by plaintiff, an admitted undisclosed principal.

2. Plaintiff may not recover for materials.

### RECORD

In October 1966, Eugene Niccum, doing business as Tru-Line Masonry, without a contractor's license, orally agreed to do certain masonry work for defendants. Unknown to defendants, at the time of the making, performance and completion of the contract, Niccum was the undisclosed agent of plaintiff, plaintiff being an admitted undisclosed principal. Plaintiff paid $6,250 for the labor and materials furnished by Niccum to defendants and then brought this action to recover such amounts from defendants. They did not discover that plaintiff was the principal until service of process in this action. At all times, plaintiff was a duly licensed masonry contractor. On the ground that Niccum did not have the contractor's license required by Business and Professions Code, section 7031, the trial court refused plaintiff recovery. Plaintiff appeals.

1. The undisclosed agent's lack of license bars recovery.

Section 7028 of the Business and Professions Code, provides, in pertinent part: "It is a misdemeanor for any person to engage in the business or act in the capacity of a contractor within this state without having a license therefor. . . ."

Section 7031 of the Business and Professions Code, provides, in pertinent part: "No person engaged in the business or acting in the capacity of a contractor, may bring or maintain any action in any court of this state for the

---

\*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

collection of compensation for the performance of any act or contract for which a license is required by this chapter without alleging and proving that he was a duly licensed contractor at all times during the performance of such act or contract."

In an action on a contract by an undisclosed principal, the other party to the contract has all the defenses which he had against the agent until the principal is discovered. (Rest. 2d. Agency, 308.) Defendants could have raised the bar of section 7031 as a defense against an action by Niccum; hence, the trial court held, the defense is successful against plaintiff.

Plaintiff does not directly attack the validity of the undisclosed principal doctrine set forth above but contends that section 7031 was in fact satisfied, relying on *Latipac, Inc.* v. *Superior Court* (1966) 64 Cal.2d 278 [49 Cal. Rptr. 676, 411 P.2d 564], wherein an unlicensed contractor was allowed to recover on a contract, where the contractor had "substantially complied" with the statute; since plaintiff was himself licensed, substantial compliance is alleged to have existed as to Niccum.

In the *Latipac* case, the contractor had a license at the time of making the contract and for some 15 months during the performance of the contract. It permitted the license to expire, then renewed it about two months after the completion of the contract. It was on this basis that the court held that the contractor substantially complied with section 7031. The test of substantial compliance was applied by the court to prevent the licensing statute from being transformed into an "unwarranted shield for the avoidance of a just obligation." (*Latipac, Inc.* v. *Superior Court, supra,* at p. 281.)

In applying the undisclosed principal doctrine of the Restatement of Agency to the commands of section 7031 of the Business and Professions Code, the courts of this state should do so with caution so as not to make the Restatement the shield for the avoidance of a just obligation. The protection contemplated by the statute, namely protection of the public from dealings with incompetent or untrustworthy contractors, must be kept in mind, and he contractor's claim of substantial compliance studied to see if it satisfied the policy of the statute. (See, *Latipac, Inc.* v. *Superior Court, supra,* at p. 281; *Johnson* v. *Mattox* (1968) 257 Cal.App.2d 714, 718 [65 Cal.Rptr. 185]; *Lewis & Queen* v. *N. M. Ball Sons* (1957) 48 Cal.2d 141, 149-150 [308 P.2d 713].)

■ On a judgment roll appeal, it is presumed that in the oral proceedings, there was substantial evidence to support the trial court's findings. (*Brockway* v. *Heilman* (1967) 250 Cal.App.2d 807, 810 [58 Cal.Rptr. 772]; *Williams* v. *Inglewood Board of Realtors, Inc.* (1963) 219 Cal. App.2d 479, 482 [33 Cal.Rptr. 289].) ■ The trial court herein found

that Niccum, doing business as Tru-Line Masonry, did not hold a contractor's license issued by the State of California permitting him to do masonry work. No substantial compliance by Niccum with the licensing statute has been claimed or found. The fact that plaintiff himself was duly licensed does not change the fact that Niccum was unlicensed. Plaintiff cites no authority that his license could change Niccum's status or vicariously satisfy section 7031. Section 7031 would bar recovery by Niccum from the defendants. (See, *Pickens* v. *American Mortg. Exchange* (1969) 269 Cal.App.2d 299, 302 [74 Cal.Rptr. 788]; *Brunzell Constr. Co.* v. *Barton Dev. Co.* (1966) 240 Cal.App.2d 442, 444 [49 Cal.Rptr. 667].)

In light of the trial court's further finding that plaintiff, although himself licensed, was the admitted undisclosed principal of Niccum, an undisclosed agent, the application of the undisclosed principal doctrine of the Restatement of Agency to this case does not serve as a shield for the avoidance of a just obligation. The public needs protection from admitted undisclosed principals whose unlicensed and undisclosed agents could recover the value of the work done, thus leaving the customer open to suit and the possibility of double recovery by the principal if the undisclosed principal doctrine is not applied.[1] The undisclosed agent's lack of license, under the undisclosed principal doctrine, was properly applied in this case to bar plaintiff's recovery.

2. Plaintiff may not recover for materials.

Plaintiff contends that section 7031 does not apply to the value of the materials supplied to defendants and hence he is entitled to recover their value.

Section 7045 of the Business and Profession Code provides, in pertinent part: ". . . this chapter does not apply to the sale or installation of any finished products, materials, or articles of merchandise, *which do not become a fixed part of the structure.* . . ." (Italics added; see *Johnson* v. *Mattox* (1968) 257 Cal.App.2d 714, 719 [65 Cal.Rptr. 185].) In this judgment roll appeal, the record does not show that plaintiff offered evidence during the trial from which the trial court could conclude that the materials were not fabricated into or made a permanent fixed part of the structure; in fact, since the structure contracted for was a stone wall, it is probable that the stone was the material supplied by plaintiff and did become a fixed part of the

---

[1]It is interesting to note that in defendants' answer to plaintiff's complaint, it is alleged that prior to defendants' having any knowledge of plaintiff claiming to be an undisclosed principal, an accord and satisfaction was entered into between Niccum and defendants discharging any obligation of defendants to Niccum. Defendants' brief also makes the same claim. Apparently, no finding was made on this issue by the trial court because of the determination that the cause of action was barred by section 7031 of the Business and Professions Code.

structure. A mere recital on appeal that materials were supplied and therefore section 7031 does not apply, does not meet this issue.

█ Moreover, this issue was not raised in the pleadings and apparently not at the trial. It is too late to raise it now. (*Reimel* v. *House* (1969) 268 Cal.App.2d 780, 787 [74 Cal.Rptr. 345]; *Weller* v. *Chavarria* (1965) 233 Cal.App.2d 234, 246 [43 Cal.Rptr. 364].)

*Jackson* v. *Pancake* (1968) 266 Cal.App.2d 307, 310 [72 Cal.Rptr. 111], states that the public policy involved in the statute has been determined by the Legislature and is not one to be debated in the courts.

Judgment affirmed.

Pierce, P. J., and Regan, J., concurred.