[No. 867-3.   Division Three.   June 26, 1974.]

CRAFTMASTER RESTAURANT SUPPLY CO., INC., *Respondent*, v.
ADOLPH CAVALLINI *et al., Appellants*.

*Robert J. Allerdice* (of *Piehler, Allerdice & Boyack*), for
appellants.

*G. J. Silvernale, Jr.* (of *Powell, Livengood, Dunlap &
Silvernale*), for respondent.

GREEN, C.J.—Plaintiff, Craftmaster Restaurant Supply
Co., Inc., brought this action against defendants, Adolph
and Ruth Cavallini, for the balance owing on a contract.
Defendants appeal from a judgment in favor of plaintiff.

The sole issue on appeal is whether this action is pre-
cluded by plaintiff's failure to register as a contractor.

Defendants operate a restaurant business in Cle Elum,
Washington. In 1971 they decided to modernize and relo-
cate their business in a larger leased building. They con-

tracted with plaintiff for various restaurant supplies, furniture and equipment to be delivered, set in place ready for plumber and electrician. Additionally, plaintiff contracted to provide drapes, carpeting, and certain custom-built items including a back bar, salad bar, waitress stations, coffee counter, buffet lineup, and several cabinets.

Orr Construction Co., a licensed general contractor, was hired by the defendants to remodel the leased building. Plaintiff contracted with Orr Construction to fabricate the custom items and install them. After the restaurant was completed and open for business, defendants withheld and refused to pay plaintiff $9,351.76, claiming certain deficiencies in plaintiff's performance. This action was brought to collect this payment. After a trial to the court, an offset of $1,925 was allowed defendants and judgment for the difference, $7,426.76, was entered in favor of plaintiff.

Defendants contend the plaintiff is a contractor as defined in RCW 18.27.010;[1] that the items furnished by plaintiff became permanently affixed to the realty, thus necessitating registration as a contractor under RCW 18.27.020;[2]

---

[1]RCW 18.27.010 provides:

"A 'contractor' as used in this chapter is any person, firm or corporation who or which, in the pursuit of an independent business undertakes to, or offers to undertake, or submits a bid to, construct, alter, repair, add to, subtract from, improve, move, wreck or demolish, for another, any building, highway, road, railroad, excavation or other structure, project, development, or improvement attached to real estate or to do any part thereof including the installation of carpeting, the erection of scaffolding or other structures or works in connection therewith; or, who, to do similar work upon his own property, employs members of more than one trade upon a single job or project or under a single building permit except as otherwise provided herein. A 'general contractor' is a contractor whose business operations require the use of more than two unrelated building trades or crafts whose work the contractor shall superintend or do in whole or in part; the term 'general contractor' shall not include an individual who does all work personally without employees or other 'specialty contractors' as defined herein. The terms 'general contractor' and 'builder' are synonymous. A 'specialty contractor' is a contractor whose operations as such do not fall within the foregoing definition of 'general contractor.' "

[2]RCW 18.27.020 provides:

"It shall be unlawful for any person to submit any bid or do any work as a contractor until such person shall have been issued a

and that this registration is a prerequisite to maintenance of this action.[3] We disagree.

A contractor, as defined in RCW 18.27.010, is required to register under RCW 18.27.020. Registration is a prerequisite to bringing suit on any contract. RCW 18.27.080. However, certain activities are exempt from the contractor registration act by RCW 18.27.090 which provides in pertinent part:

> This chapter shall not apply to:
>
> . . .
>
> (5) The sale or installation of any finished products, materials or articles of merchandise which are not actually fabricated into and do not become a permanent fixed part of a structure;

Whether or not this exemption applies is a question for the trier of fact. *Harbor Millwork, Inc. v. Achttien*, 6 Wn. App. 808, 496 P.2d 978 (1972).

The trial court specifically found:

> The written agreement entered into by and between plaintiff and defendants on November 1, 1971 calls for *the sale or installation of finished products, materials, or articles of merchandise which were not actually fabricated into nor did they become a permanent part of the restaurant structure* located in Cle Elum, Washington.

(Italics ours.) Our review of the record reveals that this finding as well as the other findings of fact entered by the trial court to which error has been assigned are supported

---

certificate of registration by the state department of licenses. A partnership or joint venture shall be deemed registered if any one of the general partners or venturers whose name appears in the name under which the partnership or venture does business shall be registered. A violation of this section shall be a misdemeanor."

[3]RCW 18.27.080 provides:

"No person engaged in the business or acting in the capacity of a contractor may bring or maintain any action in any court of this state for the collection of compensation for the performance of any work or for breach of any contract for which registration is required under this chapter without alleging and proving that he was a duly registered contractor and held a current and valid certificate of registration at the time he contracted for the performance of such work or entered into such contract."

by substantial evidence. Findings of fact supported by substantial evidence become verities upon appeal. *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn.2d 570, 343 P.2d 183 (1959).

Therefore, assuming arguendo that plaintiff is a contractor as defined in RCW 18.27.010, it is exempt from registration requirements by virtue of RCW 18.27.090 and is not precluded from bringing this action.

One additional observation should be made with respect to the phrase "including installation of carpeting." In the defendant's oral argument, our attention was directed to this language which is specifically included under the definition of a "contractor" in RCW 18.27.010. We can conceive of instances where the installation of carpeting would be intended to be a permanent part of a building and not intended to be removed. For example, the owner of a building who installs carpeting for the benefit of the tenants would probably intend that the carpeting be fabricated into and become a permanent part of the building. However, a tenant who installs carpeting in his landlord's building, more likely than not, intends that it can be removed by the tenant. *See Allied Stores Corp. v. North West Bank,* 2 Wn. App. 778, 469 P.2d 993 (1970). In the instant case, there was testimony that the carpeting was readily removable and the court so found. Moreover, defendants mortgaged all of the fixtures, including the carpeting, as security for a loan for the development of the restaurant facility. The record indicates that all of the items were installed in the restaurant with a specific eye to their ease of removal. *Cf. Harbor Millwork, Inc. v. Achttien, supra.* As a consequence, we cannot say there was no substantial evidence to support the trial court's finding that the carpeting was "not actually fabricated into nor did they [it] become a permanent part of the restaurant structure." *See Finley-Gordon Carpet Co. v. Bay Shore Homes, Inc.,* 247 Cal. App. 2d 131, 55 Cal. Rptr. 378 (1966). Although installation of carpeting may be within the general definition of a "contractor," RCW 18.27.010, it is exempt from registration

under the factual finding in this case by the operation of RCW 18.27.090.

Judgment affirmed.

MUNSON and McINTURFF, JJ., concur.