534 P.2d 758
**STATE of Arizona ex rel. James A. VIVIAN, Registrar of Contractors, Appellant,**

v.

**HERITAGE SHUTTERS, INC., an Arizona Corporation, and David Fink, Appellees.**

**No. I CA–CIV 2588.**

Court of Appeals of Arizona,
Division 1.

May 6, 1975.

Bruce E. Babbitt, Atty. Gen. by Nicholas C. Guttilla, Asst. Atty. Gen., Phoenix, for appellant.

Welliever, Smith & McVay by J. Douglas McVay, Phoenix, for appellee.

## OPINION

JACOBSON, Presiding Judge.

The question dispositive of this case on appeal is whether a person who sells and installs prefabricated shutters must be licensed as a contractor.

The facts in this case are not in dispute. The appellees, Heritage Shutters, Inc. and David Fink, sell and install shutters in Phoenix area homes. To install the shutters, screws or nails are used to affix shutter frames to doorways and windows, then the shutter is affixed to this frame with a free pin.

The Registrar of Contractors brought an action to permanently enjoin the appellees from acting as a contractor without being licensed by the Registrar. The trial court dismissed the cause on the basis that the sale and installation of shutters by the appellees was exempt from the licensing requirements. The Registrar has appealed.

Pursuant to A.R.S. § 32–1151 (Supp. 1974) it is unlawful to act as a contractor without a license. A contractor is defined in A.R.S. § 32–1101 (Supp.1974),[1] however certain persons who might otherwise fall within this definition are exempt from obtaining a contractor's license. A.R.S. § 32–1121 (Supp.1974). The Registrar contends that the appellees fall within the A. R.S. § 32–1101 definition of a contractor as they allegedly manufacture and install these shutters for compensation. The appellees, on the other hand, argue that they fall within the exemptions from the licensing requirements by A.R.S. § 32–1121.5 which provides:

"This chapter shall not be construed to apply to:

\*　　\*　　\*　　\*　　\*　　\*

"5. The sale or installation of finished products, materials or articles of merchandise which are not fabricated into and do not become a permanent fixed part of the structure."

Both parties agree that the purpose of the licensing of contractors is to protect the public against the unscrupulous and unqualified acting as contractors. Miller v. Superior Court, 8 Ariz.App. 420, 446 P.2d 699 (1968); Sobel v. Jones, 96 Ariz. 297, 394 P.2d 415 (1964). They disagree, however, over the test to be utilized in determining whether the appellees fall within the exemption of the licensing requirements.

Our contractor licensing statutes are similar to those enacted by California in West's Ann.Bus. & Prof.Code § 7045 et seq. (1964) and identical to those in force in Washington. Rev.Code of Wash.Ann. § 18.27 (Supp.1974). Therefore, while the opinion of those states interpreting their contracting statutes are not controlling, they are persuasive. City of Phoenix v. Superior Court, 109 Ariz. 533, 537, 514 P. 2d 454, 458 (1973).

The Registrar contends that the proper test to be applied to determine whether the shutters are fabricated into

---

1. A.R.S. § 32–1101 provides in part:
"　.　.　.　'contractor' means a person [or]　.　.　.　corporation　.　.　.　who, for either a fixed sum　.　.　.　or other compensation other than actual wages, undertakes to　.　.　.　construct　.　.　.　add to　.　.　.　[or] improve　.　.　.　any building　.　.　.　."

the homes as fixed and permanent parts is that body of law dealing with when a chattel becomes a fixture. However, the general rule appears to be that the general law of fixtures should not be applied to contractor licensing statutes as the purposes behind the fixture and licensing statutes differ. Harbor Millwork, Inc. v. Achttien, 6 Wash.App. 808, 815, 496 P.2d 978, 983 (1972); Finley-Gordan Carpet Co. v. Bay Shore Homes, Inc., 247 Cal.App.2d 131, 132, 55 Cal.Rptr. 378, 379 (1966). The appellees, on the other hand, suggest that the test to be utilized in determining whether the exemption provision of A.R.S. § 32–1121.5 is met is whether damage incidental to removal of the item in question would prevent its reuse or cause substantial damage to the structure. This is the test adopted in both California and Washington. *See* Finley-Gordan Carpet Co., *supra*, 247 Cal.App.2d at 132, 55 Cal.Rptr. at 379; Craftmaster Restaurant Supply Co., Inc. v. Cavallini, 11 Wash.App. 500, 523 P.2d 962 (1974). We, likewise, adopt this test for the State of Arizona. Whether or not this test has been met is dependent upon the facts and circumstances of each case. Harbor Millwork, Inc., *supra*, 9 Wash.App. at 815, 496 P.2d at 982.

In this case, the appellees performed an in-court demonstration of the installation and removal of the shutters and shutter frames as well as offering various pictorial exhibits into evidence. The evidence disclosed that the appellees would deliver the shutters to the job site then proceed to install them as demonstrated in the trial court. The appellees nail or screw a shutter frame to the window or door frame where the shutters are to be installed. The shutters are then hung on the shutter frame with loose pin hinges. To remove the shutter frames, a punch is used to remove the nails holding in the frame or the screws holding in the frame are simply removed. The holes left in the window or door frames are then filled with spackling compound.

■ In a case such as this, the shutters, the finished product are not "fabricated into" the homes but are merely attached to the shutter frames. Although a certain amount of fabrication is required with regard to the shutter frames to make the shutters themselves functional, the shutter frames do not become "fabricated into" and a "permanent fixed part of the structure" as they are readily removable without damage to the structure in a manner which allows reuse of the shutters.

The decision of the trial court is affirmed.

HAIRE, C. J., and EUBANK, J., concur.