567 P.2d 1228

**John J. KAYETAN, Registrar of Contractor of the State of Arizona, Appellant,**

v.

**LICENSE NO. 37589, CLASS C–61 of Robert Roy Hall, dba Kachina Carpets & Cabinets, Appellee.**

No. 1 CA–CIV 3319.

Court of Appeals of Arizona, Division 1, Department C.

Aug. 4, 1977.

Bruce F. Babbitt, Atty. Gen. by Thomas P. Prose, Asst. Atty. Gen., Phoenix, for appellant.

Behrens MacLean & Jacques by William F. Behrens, Phoenix, for appellee.

OPINION

OGG, Judge.

The sole issue raised in this appeal is whether the statutory provisions of ARS § 32–1154(8) conflict with federal law to render them constitutionally infirm under the supremacy clause of the United States Constitution.

The appellee Robert Roy Hall, a licensed contractor under Arizona law, was declared in voluntary bankruptcy on January 22, 1975. Thereafter, the Registrar of Contractors revoked Hall's license on May 16, 1975, for violation of ARS § 32–1154(8)[1] as a bankrupt licensee. Hall appealed the decision of the Registrar to the superior court, challenging the constitutionality of § 32–1154(8). On the authority of *Grimes v. Hoschler*, 12 Cal.3d 305, 115 Cal.Rptr. 625, 525 P.2d 65 (1974), the court held the statute unconstitutional as conflicting with the Federal Bankruptcy Act and ordered Hall's contractor's license reinstated. The Registrar has appealed to this court alleging error in the action of the superior court.

In *Grimes v. Hoschler*, supra, relied upon by the superior court in its holding, the California Supreme Court declared a licensing statute virtually indistinguishable from our own unconstitutional under the supremacy clause for conflict with the Federal Bankruptcy Act. The *Grimes* court, in turn, relied upon *Perez v. Campbell*, 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971), which held a portion of the Arizona Motor Vehicle Safety Responsibility Act unconstitutional also as conflicting with the Bankruptcy Act.

■ *Perez* delineates the present constitutional standard upon which state statutes are to be evaluated for conflict with federal law:

Deciding whether a state statute is in conflict with a federal statute and hence invalid under the Supremacy Clause is essentially a two-step process of first ascertaining the construction of the two statutes and then determining the constitutional question whether they are in conflict. 402 U.S. at 644, 91 S.Ct. at 1708, 29 L.Ed.2d at 239.

Once the respective purposes of the state and federal laws in question have been determined, the resolution whether there exists a statutory conflict is to be determined by "[W]hether a challenged state statute 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'" 402 U.S. at 649, 91 S.Ct. at 1711, 29 L.Ed.2d at 242. Citing to *Hines v. Davidowitz*, 312 U.S. 52, 67, 61 S.Ct. 399, 404, 85 L.Ed. 581, 587 (1941). The existence of a conflict with federal law is therefore to be determined by the *effect* of the state statute and "[C]annot be determined merely by a consideration of its *purpose*." *Grimes v. Hoschler*, 12 Cal.3d at 310, 115 Cal.Rptr. at 628, 525 P.2d at 68 (emphasis in original).

■ Arizona case law has consistently held that the primary purpose of state regulation of construction contractors through licensing is to protect the public from unscrupulous and unqualified persons acting as contractors. *Northen v. Elledge*, 72 Ariz. 166, 232 P.2d 111 (1951); *State v. Heritage Shutters, Inc.*, 23 Ariz.App. 544, 534 P.2d 758 (1975); *Security Insurance Co. v. Day*, 6 Ariz.App. 403, 433 P.2d 54 (1967). Similarly, the Supreme Court has stated that the purpose of the Federal Bankruptcy Act is to give debtors "'[A] new opportunity in life and a clear field for further effort, unhampered by the pressure and discouragement of a pre-existing debt.'" *Perez v. Campbell*, 402 U.S. at 648, 91 S.Ct. at 1710–11, 29 L.Ed.2d 241. Citing *Local Loan Co. v. Hunt*, 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230, 1235 (1934).

---

1. "The registrar may upon his own motion, and shall upon the verified complaint in writing of any person, investigate the acts of any contractor within the state, and may temporarily suspend, with or without the imposition of specific conditions in addition to increased surety bond or cash deposit requirements, or permanently revoke any or all licenses issued under this chapter if the holder thereof, while a licensee hereunder, is guilty of or commits any of the following acts or omissions . . . 8. The filing of a voluntary petition in bankruptcy or a licensee being adjudicated a bankrupt, if such bankruptcy was a direct result of licensee's contracting business." ARS § 32–1154(8).

These purposes are not prima facie in conflict; however, for legitimate resolution of the constitutional issue under the *Perez* doctrine we must examine the *effect* the Arizona statute has on federal law. As discussed in *Grimes*, the clear import of a statutory provision of the nature dealt with in this case is to revoke a contractor's state license to conduct business if his debts are discharged in bankruptcy for less than their full amount. Furthermore, ARS § 32–1161(B) provides that once a license is revoked under § 32–1154, it shall not be reissued for one year and then only after all loss caused by the act for which the license was revoked (bankruptcy) has been fully satisfied.

The effect of this statutory scheme is to frustrate the objectives of the Bankruptcy Act in three respects. First, it tends to discourage a licensed contractor from seeking bankruptcy relief. Second, once a contractor is declared bankrupt his contractor's license may be revoked, depriving him of his livelihood. Third, ARS § 32–1161(B) compels the bankrupt contractor to fully repay business debts otherwise legally discharged if his contractor's license is to be reinstated. See general discussion, *Grimes v. Hoschler*, 12 Cal.3d at 312, 115 Cal.Rptr. at 629, 525 P.2d at 69.

Since the purpose of the Bankruptcy Act as interpreted by the Supreme Court is to allow a debtor to start anew unhampered by pre-existing debts, it is clear that the Arizona statute in effect frustrates this purpose by providing for the revocation of a contractor's professional license on the sole ground of personal bankruptcy and compelling complete satisfaction of discharged debts prior to reissuance of the license. On the authority of *Perez v. Campbell*, supra, and *Grimes v. Hoschler*, supra, we therefore find ARS § 32–1154(8) in conflict with federal law and declare it unconstitutional as in violation of the supremacy clause. U.S. Const. art. VI cl. 2.

Judgment affirmed.

JACOBSON, P. J., and DONOFRIO, J., concurring.