Filed 8/21/24  Rosson v. Carr CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| SCOTT ROSSON,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>KIMBERLY CARR,<br><br>    Defendant and Respondent. | 2d Crim. No. B331979<br>(Super. Ct. No. 56-2023-00575394-CU-BC-VTA)<br>(Ventura County) |

Scott Rosson appeals from the judgment of dismissal after the trial court sustained the demurrer to his first amended complaint (FAC) without leave to amend.  We affirm.

### FACTUAL AND PROCEDURAL HISTORY

Rosson filed a complaint in propria persona against Kimberly Carr seeking compensation for remodeling her residence.  He attached an invoice seeking $388,283 for labor performed for the remodel and alleged: "Ms. Carr, knowing she had no way to pay for my labor, promised the house would be left to me as beneficiary in her Trust."  Carr demurred on the ground that the lawsuit was barred because Rosson was not a licensed

contractor. (Bus. & Prof. Code,[1] § 7031.) The court sustained the demurrer with leave to amend.

Rosson then obtained counsel and filed an FAC for breach of contract, fraud, quantum meruit, and unjust enrichment. It alleged: Rosson had been a general contractor but his license became inactive in 2016. He met Carr in 2018 and they "entered into a romantic dating relationship." In 2019 Rosson moved into her house and they resided there together. In exchange for Rosson remodeling the house, Carr "agreed to add Plaintiff as a co-beneficiary with her to the Trust" to make him "a co-owner of the Home so as to allow him to protect his interest in his labor." Rosson alleged that Carr added him as a co-beneficiary on the Trust. If Carr predeceased Rosson, he could live in the house for one year.

The FAC alleged that Rosson worked on Carr's house between 2019 and 2022. When their dating relationship ended in September 2022, Carr removed him as a beneficiary and did not compensate him for his labor.

The FAC sought monetary damages and restitution for the value of the labor provided. Attached to the FAC was an invoice for $401,146.40 itemizing numerous services Rosson provided, including installing new pipes, a HVAC system, a new roof, siding, flooring, electrical system, and windows, among other work.

Carr demurred to the FAC on various grounds, including that Rosson was barred from bringing an action for compensation because he was an unlicensed contractor (§ 7031). Rosson responded that he was not seeking compensation for his labor,

---

[1] All undesignated statutory references are to the Business and Professions Code.

but sought "to enforce a property right granted to him as part of a nonmarital cohabitation agreement" pursuant to *Marvin v. Marvin* (1976) 18 Cal.3d 660 (*Marvin*).

The court sustained the demurrer to the FAC without leave to amend. It concluded that *Marvin* did not apply and section 7031 barred recovery because Rosson was not a licensed contractor. Rosson appeals from the judgment of dismissal.

## DISCUSSION

### *Standard of review*

" 'When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action.' " (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126.) "[T]he trial court may consider all material facts pleaded in the complaint and those arising by reasonable implication therefrom; it may not consider contentions, deductions or conclusions of fact or law." (*McKell v. Washington Mutual, Inc.* (2006) 142 Cal.App.4th 1457, 1469.) We review an order sustaining a demurrer de novo (*McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415) and review the denial of leave to amend for abuse of discretion (*McKell*, at p. 1469).

### *Contractor's license law*

Rosson contends the court erred in concluding that his lawsuit was barred because he was not a licensed contractor. We disagree.

Contractors require a license. (§§ 7028, subd. (a)(1), 7065.) A "contractor" is synonymous with a "builder" and includes any person who "does . . . construct, alter, repair, add to, subtract from, [or] improve . . . any building." (§ 7026.) Rosson maintains that he provided approximately $400,000 worth of labor and materials to improve Carr's home, thus conceding that he acted

3

as a contractor.

Rosson also admitted that his license had lapsed at the time of performing services for Carr. Consequently, he is barred from suing Carr for compensation for his work. "[N]o person . . . acting in the capacity of a contractor, may bring or maintain any action, or recover in law or equity in any action, in any court of this state for the collection of compensation for the performance of any act or contract where a license is required by this chapter without alleging that they were a duly licensed contractor at all times during the performance of that act or contract regardless of the merits of the cause of action brought by the person." (§7031, subd. (a).)

"The purpose of the licensing law is to protect the public from incompetence and dishonesty in those who provide building and construction services." (*Hydrotech Systems, Ltd. v. Oasis Waterpark* (1991) 52 Cal.3d 988, 995 (*Hydrotech*).) "Because of the strength and clarity of this policy, it is well settled that section 7031 applies despite injustice to the unlicensed contractor." (*Ibid*.) "The statutory prohibition operates even where the person for whom the work was performed knew the contractor was unlicensed." (*Id*. at p. 997.)

"Thus, an unlicensed contractor cannot recover either for the agreed contract price or for the reasonable value of labor and materials." (*Hydrotech, supra*, 52 Cal.3d at p. 997.) "[T]he statute bars an unlicensed contractor's claim for fraud when the primary deceit alleged is a false promise to pay, and the damages primarily consist of, or are measured by, the price or value of the work and materials furnished." (*Id*. at p. 992.) Nor may an unlicensed contractor recover on the theories of quantum meruit, reasonable value of goods and services, or unjust enrichment.

4

(*Pacific Custom Pools, Inc. v. Turner Construction Co.* (2000) 79 Cal.App.4th 1254, 1266.)

Because Rosson seeks compensation for his labor and materials provided in remodeling Carr's home, section 7031 bars recovery. " 'The term "compensation" as used in the statute "denotes sums claimed as an agreed price, fee or percentage earned by performance, and also sums claimed as the reasonable value of work done under implied contract." ' " (*UDC-Universal Development, L.P. v. CH2M Hill* (2010) 181 Cal.App.4th 10, 26.) Thus, section 7031 bars an action to recover a stock interest in a business in exchange for contractor services. (*Johnson v. Mattox* (1968) 257 Cal.App.2d 714, 718; see *K & K Services, Inc. v. City of Irwindale* (1996) 47 Cal.App.4th 818, 823-824 [§ 7031 barred right to run "fill" operation and collect dumping fees as compensation for work performed].) The same principle bars an action seeking money damages or an ownership interest in exchange for unlicensed contractor services. We conclude Rosson is barred from seeking compensation because he was an unlicensed contractor when he improved Carr's house.

*Ownership*

Under certain conditions, a building owner or homeowner who improves their property or principal place of residence need not maintain a license. (§§ 7026, 7044, subd. (a)(1), (2), (3).)

Here, Rosson alleged a verbal agreement "to add Plaintiff as a co-beneficiary with her to the Trust" to make him "a co-owner of the Home." He alleged that Carr added him as a trust beneficiary in "partial fulfillment" of this agreement. Even if these allegations are true, we conclude they are insufficient to elevate Rosson to the status of a building owner or homeowner.

" '[P]roperty transferred to, or held in, a *revocable* inter

vivos trust is deemed . . . the property of the settlor,' " who
" 'effectively retains full ownership and control over any property
transferred to that trust.' " (*Steinhart v. County of Los Angeles*
(2010) 47 Cal.4th 1298, 1319.) "Any interest that beneficiaries of
a revocable trust have in trust property is 'merely potential' and
can 'evaporate in a moment at the whim of the [settlor].' " (*Ibid.*,
fn. omitted.) In *Steinhart*, the trustor was also the sole trustee
and beneficiary during her lifetime, and there was no "change in
ownership" to her siblings or their issue for purposes of property
tax reappraisal until she died and the trust became irrevocable.
(*Id.* at pp. 1303, 1320.)

"A transfer of ownership occurs when a revocable trust
including an interest in real property that vests in persons other
than the trustor or their spouse becomes irrevocable." (*Bohnett v.
County of Santa Barbara* (2021) 59 Cal.App.5th 1128, 1132.)
Because the FAC did not allege that Rosson was the beneficiary
of an irrevocable trust, and he has not shown that he could
amend the complaint to so allege, Rosson cannot show he is
exempt from section 7031.

*Joint venture*

Rosson also contends he is entitled to compensation
because he participated in a joint venture with Carr. We are not
persuaded.

"A joint venture is 'an undertaking by two or more persons
jointly to carry out a single business enterprise for profit.' "
(*Weiner v. Fleischman* (1991) 54 Cal.3d 476, 482.) For example,
in *Epstein v. Stahl* (1959) 176 Cal.App.2d 53, 57, an unlicensed
contractor converted the property owner's four buildings into
apartments, and contributed two parcels to be used for parking,
with an agreement to split the rents and profits. The trial court

6

concluded these facts were sufficient to show a joint venture.  (*Id.* at p. 59.)  But here, Rosson and Carr were not running a "business enterprise."  Instead, Carr sought improvements to her own home for the purpose of living in it.  The allegation that Rosson was to receive an equity interest in the property rather than cash did not convert the agreement into a joint venture.  (See *Johnson v. Mattox, supra,* 257 Cal.App.2d at pp. 718-719 [§ 7031 barred recovery to unlicensed contractor who built baseball facilities in exchange for a promise of stock in the completed baseball school because there was no joint venture].)

Marvin

Nor does *Marvin, supra,* 18 Cal.3d 660, exempt Rosson from the unlicensed contractor prohibition of section 7031.  In *Marvin,* our Supreme Court held that unmarried cohabiting adults are "as competent as any other persons to contract respecting their earnings and property rights," including to "agree to compensate one party for services which benefit the other[,] . . . to form a partnership or joint venture, or to hold property acquired as joint tenants or tenants in common, or agree to any other such arrangement."  (*Marvin,* at p. 674 & fn. 10.)  In *Marvin,* the plaintiff performed domestic homemaking services, such as cooking and housekeeping, in exchange for the defendant providing financial support.  (*Id.* at p. 666.)

But a party to a *Marvin* cohabitation agreement is properly denied compensation for services provided to another when the nature of the work performed requires a license to receive compensation.  (*Chiba v. Greenwald* (2007) 156 Cal.App.4th 71 [demurrer sustained against cohabiting partner for services he provided without required Talent Agencies license].)  Just because Rosson and Carr had the capacity to contract did not

7

make Rosson an "owner" exempt from the requirement that he possess a contractor's license while rendering services in the "capacity of a contractor." (§7031, subd. (a).) "We . . . treat nonmarital partners . . . only as we do any other unmarried persons." (*Marvin*, *supra*, 18 Cal.3d at p. 682.)

"Nothing in section 7031 either limits its application to a particular class of homeowners or excludes protection of 'sophisticated' persons." (*Phoenix Mechanical Pipeline, Inc. v. Space Exploration Technologies Corp.* (2017) 12 Cal.App.5th 842, 849, fn. omitted.) By the same token, section 7031 does not exempt persons in "romantic" relationships or nonowners who reside on the improved property. Rosson has not shown how the complaint can be amended to evade the prohibition in section 7031 against bringing an action for compensation for unlicensed contractor services. We conclude the trial court did not abuse its discretion in sustaining the demurrer without leave to amend.[2]

_____

[2] We deny Carr's request for judicial notice of documents regarding a mechanic's lien on this property because it was not considered by the trial court when it sustained the demurrer. (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3.) And we decline to consider whether the alleged agreement was barred by the statute of frauds because it was raised for the first time in appellant's reply brief. (*In re Groundwater Cases* (2007) 154 Cal.App.4th 659, 693.)

DISPOSITION

The judgment is affirmed.  Carr shall recover her costs on appeal.

NOT TO BE PUBLISHED.


BALTODANO, J.


We concur:



GILBERT, P. J.



CODY, J.

Henry J. Walsh, Judge

Superior Court County of Ventura

_____

Renay Grace Rodriguez for Plaintiff and Appellant.

Ferguson Case Orr Paterson, John A. Hribar, Joseph L. Strohman, Jr. and Jessica A. Barajas for Defendant and Respondent.